618 P.2d 959 (1980)
289 Or. 895
In the matter of the Compensation of Rhonda Brown, Claimant.
Rhonda Brown, Petitioner,
v.
EBI COMPANIES AND PUBLISHERS PAPER COMPANY, Respondents.
WCB 78-9419; CA 15396; SC 26771.
Supreme Court of Oregon, In Banc.[*]
October 28, 1980.
Thomas A. Caruso, St. Andrew Legal Clinic, Portland, and Douglas S. Green, of Welch, Bruun & Green, Portland, for the petition.
Margaret H. Leek Leiberan, of Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland, contra.
PER CURIAM.
In Brown v. EBI Companies, 289 Or. 455, 616 P.2d 457 (1980), the present petitioner won reversal of a decision of the Court of Appeals that had affirmed the denial of her workers' compensation claim for failure to file a timely request for a hearing. This court ordered a remand to the Workers' Compensation Board for consideration of petitioner's contention that there was "good cause" for the failure to file the claim within the prescribed time. The claimant now petitions us to allow a fee for the services of her attorney in this court. The employer objects to such an allowance for lack of statutory authority.
The pertinent section of the Workers' Compensation Law, ORS 656.386, provides:
"(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the Court of Appeals from a board order denying his claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee ...
"(2) In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 565.382."[1]
Plainly the statute does not expressly authorize this court to allow attorney fees. Even if the word "appeal" standing alone could be extended on historical grounds to *960 include this court's "review" under ORS 2.520, the statute's specific identification of the Court of Appeals forecloses that reading here. For the same reason an argument that when this court reverses a decision of the Court of Appeals against a claimant he or she in effect has prevailed on the appeal still does not authorize this court to set the fees.
Petitioner asks that we nevertheless allow an attorney fee under a general policy of administering the procedural as well as the substantive provisions of the Workers' Compensation Law remedially in favor of the injured worker. Our decision in this case did not itself reinstate petitioner's delayed claim; it held that the referee or board could do so upon finding "good cause." If the claimant "prevails finally in a hearing before the referee or in a review by the board itself," ORS 656.386, supra, directs the referee or board to allow a reasonable attorney fee. We do not know whether in that event the board would take into account legal services for which no other allowance has been made, nor do we know what the Court of Appeals might do in case there is a further appeal. No question of attorney fees allowed or disallowed by the board or that court is before us.
We hold only that the statute does not now authorize this court to allow attorney fees on review. If that is to be done, it is a task for legislation.
Petition denied.
NOTES
[*] Denecke, C.J., and Tanzer, J., did not participate in this decision.
[1] Attorney fees on "appeal" are also authorized by ORS 656.382 when an employer or the State Accident Insurance Fund Corporation initiates the request for a hearing, review, or appeal, and the worker's claim is sustained.