Argued and submitted June 24, 1980,
remanded to Court of Appeals January 20, 1981

In the Matter of the Compensation
of Kristie Paresi, Claimant.

PARESI,

*Respondent,*

*v.*

STATE ACCIDENT INSURANCE FUND,

*Petitioner.*

(WCB 77-6083, CA 13485, SC 26923)

624 P2d 572

Darrell E. Bewley, Associate Counsel, Salem, argued the cause for petitioner. With him on the briefs were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

Noreen K. Saltveit, Portland, argued the cause for respondent. On the brief was Peter C. Davis, of Merten & Saltveit, Portland.

Ridgway K. Foley, of Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, filed the brief amicus curiae on behalf of The Oregon Self-Insurer's Association.

Steven C. Yates, Evohl F. Malagon, and Malagon & Yates, Eugene, filed the brief amicus curiae on behalf of the Oregon Trial Lawyers Association.

Before Denecke, Chief Justice, and Howell,** Lent Linde, Peterson and Tanzer, Justices.

DENECKE, C. J.

\*\*Howell, J., retired November 30, 1980.

## DENECKE, C. J.

This is another of the cases in which a claim for Workers' Compensation benefits is made for temporary total disability caused by mental illness allegedly arising out of claimant's employment. 44 Or App 589, 606 P2d 1171 (1980).

The plaintiff is a 26-year-old woman who worked as a liquor control officer for the Oregon Liquor Control Commission (OLCC). She worked there for about a year when she was unable to continue because of her mental condition. She later went back to work but to another shift with other supervisors and she has worked since.

Claimant was of the opinion that some OLCC officials were acting illegally in the performance of their duties and she spoke out about her beliefs. She testified that as a result she was harassed in various ways by her supervisors. These included being forced to provide more reports, having her reports returned for correction more often those those of other investigators, being investigated, being transferred between districts more often, and being called in by her supervisors often for counseling.

There was medical evidence: "Her [claimant's] symptoms of anxiety, depression, and physical distress that she experienced seemed to be the result of emotional strain" which, in the physician's opinion, were caused by claimant's "felt harassment on her job."

The referee found she suffered a disabling mental condition and "There were no situations off the job causing her medical or emotional stress." The Workers' Compensation Board adopted the opinion of the referee. The Court of Appeals affirmed, writing an opinion that follows the Court of Appeals' opinion in *James v. SAIF,* 44 Or App 520, 605 P2d 1391 (1980). As in *James* the Court of Appeals did not make a finding on the issue of whether claimant's condition was caused by circumstances "to which an employe is not ordinarily subjected or exposed other than during a period of actual employment."

The cause is remanded to the Court of Appeals to proceed in accordance with our opinion in *James v. SAIF,* 290 Or 343, 624 P2d 565 (1980).