Submitted on remand from the Oregon Supreme Court January 20, remanded for futher proceedings March 9, 1981

In the Matter of the Compensation of
Dianne L. James, Claimant.

JAMES,
*Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner.*

(No. 77-6474, CA 14647)

624 P2d 644

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Sidney A. Galton, Portland, argued the cause for respondent. With him on the brief were David J. Hollander, and Galton, Popick & Scott, Portland.

Before Joseph, Chief Judge, and Richardson and *Gillette, Judges.

PER CURIAM.

*Gillette, J., *vice* Lee, J., deceased.

**PER CURIAM.**

The Supreme Court remanded this case to this court because "* * * there is a fact question whether claimant's condition was caused by circumstances 'to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment.'" *James v. SAIF,* 290 Or 343, 351, 624 P2d 565 (1981).

Because the Supreme Court established a criterion for compensability of an occupational disease different than had been previously applied, the parties may not have adequately presented their case. They should have an opportunity to develop the case consistent with the statutory criterion interpreted by the Supreme Court. Accordingly, we remand the case to the Workers' Compensation Board for a determination of compensability. The Board, as it deems appropriate, may request additional briefing, additional evidence or remand the case to the referee for a further hearing.

Remanded for further proceedings.