Argued and submitted December 18, 1981, reversed in part;
affirmed in part October 13, 1982

In the Matter of the Compensation of
Clara M. Peoples, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Appellant,*

*v.*

PEOPLES,
*Respondent.*

(A8106-03862; CA A21965)

651 P2d 1359

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for appellant.

Dwight Ronald Gerber, Florence, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The State Accident Insurance Fund Corporation (SAIF) appeals an order of the circuit court determining the amount of claimant's attorney fees, to be paid by SAIF, arising out of a dispute over the compensability and extent of her disability. The Workers' Compensation Board referee awarded $1,436.18 in attorney fees. On review, the Board reduced the fee for the hearing before the referee to $1,000 and awarded $500 for the appeal to the Board. Claimant's attorney was dissatisfied with those awards and, pursuant to ORS 656.388(2), *infra,* submitted the matter to the circuit court for its determination of the amount of such fees. The court awarded claimant's attorney $1,351.17 for the hearing before the referee, $750 for the Board proceeding and $200 as attorney fees for the proceeding before the circuit court.

■     Although neither party raises the question, we conclude that this court has jurisdiction on appeal, because the order is final, affects a substantial right and was entered in a special statutory proceeding with respect to which the authorizing law does not expressly prohibit an appeal. *Semble,* ORS 19.010(2)(e) and (4); ORCP 67B.

SAIF contends that the court erred in modifying the Board's awards without finding that the Board "abused its discretion" in fixing the amounts to be awarded and that the court was without statutory authority to award any amount of attorney fees incurred in submitting the fee dispute to the circuit court. We affirm the court's modification of the award as to the hearing before the referee and the Board proceeding, and reverse the award for the circuit court proceeding.

■     SAIF relies on *Bentley v. SAIF,* 38 Or App 473, 590 P2d 746 (1979), for the proposition that the circuit court may modify the Board's attorney fee award only if the Board "abused its discretion." In *Bentley,* we discussed our own scope of review of an attorney fee award made by the Board and decided that we would modify the Board's award only in the case of a "manifest abuse of discretion." 38 Or App at 481. *Bentley* did not involve the circuit court's authority when an attorney fee dispute is submitted to it under ORS 656.388(2), which provides:

"(2) If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

Under the statute, the court does not sit as a reviewing court, but as an arbiter required to make an independent determination of the proper fee amount. The Board's award is no more binding on the circuit court than is the amount suggested by claimant's attorney or by the insurer. The circuit court is not limited to a review for abuse of discretion.

■ We have jurisdiction, but we conclude that the legislature intended that the circuit court's determination of the amount of fees, if supported by any evidence in the record, be final. Here, claimant's attorney submitted a statement of time expended that supports the circuit court's order determining the fees with respect to both the hearing before the referee and the Board review. We affirm that part of the court's order.

■■ However, we find no authority for the circuit court's award of an attorney fee incurred in submitting the dispute to the circuit court. Attorney fees may only be awarded in workers' compensation cases if they are authorized by statute. *Brown v. EBI Companies,* 289 Or 905, 618 P3d 959 (1980); *Korter v. EBI Companies, Inc.,* 46 Or App 43, 610 P2d 312 (1980), 51 Or App 206, 625 P2d 667 (1981). ORS 156.382 and 656.386 are the only statutes authorizing such awards. ORS 656.382 authorizes, under certain conditions,[1] an award of attorney fees at the hearing before the referee, on review by the Board and on "court appeal." ORS 656.386 authorizes attorney fees at all three stages if the claimant prevails on appeal to the Court of Appeals. No statute authorizes an award of attorney fees incurred in submitting a fee dispute to the circuit court.

---

[1] SAIF does not dispute the Board's conclusion that the statutory conditions were met for an attorney fee award at the hearing and Board review stages of this proceeding.

Even the provisions authorizing fees at the "court" stage provide for an award only on "appeal" to the court. As we observed earlier, submission of the fee dispute to the circuit court is not an "appeal" of the referee's or the Board's award. It is a summary proceeding in which the court "determines" the amount of the fee; the court does not sit as a reviewing court. Because no statute authorizes an attorney fee award for a fee dispute submitted to circuit court under ORS 656.388(2), the award of $200 was error.

The part of the order awarding $200 attorney fees for submitting the dispute to the circuit court is reversed; in all other respects it is affirmed.