Argued and submitted June 10, affirmed, remanded for attorney fees
December 22, 1982

In the Matter of the Compensation of
Dianne L. James, Claimant.
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner,*
*v.*
JAMES,
*Respondent - Cross-Petitioner.*

(No. 77-06474, CA A23245)
655 P2d 620

See also, 290 Or 849, 626 P2d 881.

Darrell E. Bewley, Appellate Counsel, State Accident
Insurance Fund Corporation, Salem, argued the cause and
filed the brief for petitioner.

Gary M. Galton, Portland, argued the cause for respondent - cross-petitioner. On the brief were Alan M. Scott, Charles D. Colett, and Galton, Popick & Scott, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

SAIF appeals an order of the Workers' Compensation Board holding that claimant's emotional disability is a compensable occupational disease. This is the second appeal in this case. In the first, we affirmed the Board's original order that found claimant's disability to be compensable. *James v. SAIF,* 44 Or App 405, 605 P2d 1368 (1980). The Supreme Court granted review and remanded to this court, stating:

> "In the present case there is a fact question whether claimant's condition was caused by circumstances 'to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment.'" 290 Or 343, 351, 624 P2d 565 (1981).

We, in turn, remanded the case to the Board, saying:

> "Because the Supreme Court established a criterion for compensability of an occupational disease different than had been previously applied, the parties may not have adequately presented their case. They should have an opportunity to develop the case consistent with the statutory criterion interpreted by the Supreme Court. Accordingly, we remand the case to the Workers' Compensation Board for a determination of compensability. The Board, as it deems appropriate, may request additional briefing, additional evidence or remand the case to the referee for a further hearing." 51 Or App 201, 202, 624 P2d 644 (1981).

On remand, the parties did not present further evidence, and the Board ruled on the existing record that the condition was compensable. The facts underlying claimant's claim are stated in our first opinion, 44 Or App at 407, and that of the Supreme Court, 290 Or at 345, and need not be restated.

Essentially, SAIF argues that claimant had a pre-existing emotional disorder that made her susceptible to stress and resulted in disability. It contends that she responded to employment and nonemployment stresses that were both causes of her disability and that, under the Supreme Court's formulation, her disability is therefore not compensable.

In *SAIF v. Gygi,* 55 Or App 570, 574, 639 P2d 655, *rev den* 292 Or 825 (1982), we stated:

"We conclude that ORS 656.802(1)(a) does not require that the occupational disease be caused or aggravated solely by the work conditions. If the at-work conditions, when compared to the nonemployment exposure, are the major contributing cause of the disability, then compensation is warranted."

We conclude from our *de novo* review of the record that the at-work stress was the major contributing cause of claimant's disability.

■ SAIF also contends that there is no evidence that claimant's preexisting mental disorder was caused or aggravated by the work environment. That argument was also made in the original appeal. We concluded that claimant's underlying pathology was exacerbated and not simply made symptomatic by the conditions of her employment. We adhere to that conclusion.

Claimant cross-appeals, contending that the Board erred in not awarding her attorney fees pursuant to ORS 656.382(2) and ORS 656.386(1) on remand. SAIF agrees that the Board did err.

Order requiring SAIF to accept claim affirmed; remanded for award of attorney fees.