In the Matter of the Compensation of
Kristie Paresi, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Appellant,*

*v.*

## PARESI,
*Respondent.*

(77-06083; CA A24668)

660 P2d 684

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for appellant.

Noreen K. Saltveit, Portland, argued the cause for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

The State Accident Insurance Fund (SAIF) appeals from an order of the circuit court awarding claimant attorney fees to be paid by SAIF. The dispositive issue is whether the circuit court has the authority to award a claimant reasonable attorney fees pursuant to ORS 656.388(2) for legal services performed in this court and the Supreme Court. The award of attorney fees was without statutory authority, and we reverse.

■ We first address claimant's contentions that this court lacks jurisdiction. Claimant's copy of the notice of appeal filed by SAIF apparently does not reflect proof of service of the notice of appeal "on the clerk of the trial court." ORS 19.023(2)(b). The proof of service filed in this court shows proper service.

■ Claimant also contends that the proceeding in circuit court to settle claims for attorney fees is a summary proceeding, ORS 656.388(2), and is not appealable. We disagree. Nothing in ORS 656.388(2) prohibits an appeal to this court. Instead, ORS 19.010(4) provides:

> "An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

We said in *SAIF v. Peoples,* 59 Or App 593, 595, 651 P2d 1359 (1982):

> "* * * This court has jurisdiction on appeal, because the order is final, affects a substantial right and was entered in a special statutory proceeding with respect to which the authorizing law does not expressly prohibit an appeal."

It is necessary to explain this claim's "checkered career." SAIF denied claimant's claim for psychological injuries. The referee and the Workers' Compensation Board found the claim compensable. SAIF appealed. We affirmed the Board, *Paresi v. State Accident Insurance Fund,* 44 Or App 689, 606 P2d 1172 (1980), and awarded claimant an attorney fee of $2,000. ORS 656.382(2). SAIF then petitioned for review, and the Supreme Court remanded to this court. *Paresi v. SAIF,* 290 Or 365, 624 P2d 572 (1981);

*see also James v. SAIF,* 290 Or 343, 624 P2d 565 (1981) (companion case). This court then remanded to the Board. *Paresi v. State Accident Insurance Fund,* 51 Or App 201, 624 P2d 644 (1981).[1] The Board then reaffirmed its prior decision and found the claim compensable.

After the decision in *Paresi v. SAIF, supra,* 290 Or 365, claimant petitioned the Supreme Court for an award of attorney fees. That was denied on the basis of a per curiam opinion in *James v. SAIF,* 290 Or 849, 626 P2d 881 (1981). After the Board, on remand, affirmed its earlier decision, claimant petitioned the Board for an award of attorney fees for services before this court and the Supreme Court. The Board denied the petition.[2] Considering that she had a dispute with the Board over entitlement to attorney fees on appeal, claimant then petitioned the circuit court for attorney fees pursuant to ORS 656.388(2). The circuit court reinstated the $2,000 attorney fee previously allowed by this court and awarded an additional fee of $1,500 for services before the Supreme Court.[3] This appeal followed.

■ ■ Attorney fees in workers' compensation cases are permitted only when authorized by statute. *Brown v. EBI Companies,* 289 Or 905, 618 P2d 959 (1980); *SAIF v. Peoples, supra,* 59 Or App at 596. Claimant's entitlement to attorney fees arises from ORS 656.382(2).[4] The circuit court's power to award attorney fees is no broader than the authority provided by statute. ORS 656.388 provides in pertinent part:

---

[1] The award by this court of the $2,000 attorney fee to claimant was extinguished when the Supreme Court entered its mandate remanding to this court. The mandates of both courts awarded SAIF its costs and disbursements in connection with the appeal.

[2] Claimant also petitioned the Supreme Court for reconsideration of its denial of attorney fees. That petition was denied.

[3] The circuit court also awarded claimant an attorney fee in the sum of $2,000 for services before the referee and $500 for each of two appearances before the Board. SAIF does not dispute that award.

[4] ORS 656.382(2) provides:

"If a request for hearing, request for review or court appeal is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

"(1) No claim for legal services or for any other services rendered before a referee or the board, as the case may be, in respect to any claim or award for compensation * * * shall be valid unless approved by the referee or board, *or if proceedings on appeal from the order of the board in respect to such claim or award are had before any court, unless approved by such court.* (Emphasis supplied.)

"(2) If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

The circuit court determines the amount of the attorney fees when the "attorney, referee or board cannot agree upon the amount of the fee." ORS 656.388(2). The circuit court's authority is derivative of the power of the Board. If the Board could award an attorney fee, then so too may the circuit court in a summary proceeding under ORS 656.388(2). The question becomes whether the Board has the authority to award attorney fees for legal services in the appellate courts. We hold that the Board does not.[5]

■ ORS 656.388(1) requires that claims for legal services in proceedings on appeal be "approved by such [appellate] court. The circuit court was not such an appellate court. Under ORS 656.388(2) the circuit court's authority to determine fee disputes is limited to those situations when the attorney and the referee or the Board cannot agree upon the amount of the fee *before* the referee or the Board. This conclusion is reinforced by the language of ORS 656.386(1) concerning attorney fees on rejected claims, which provides in part that:

"* * * In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable fee; *however, in the event a dispute arises as to the*

---

[5] *Bracke v. Baza'r, Inc.,* 294 Or 483, 658 P2d 1158 (1983) holds that ORS 656.382(2) does not grant to the Supreme Court the authority to award fees for legal services in the Supreme Court to a claimant who successfully defends an award of compensation by the Court of Appeals.

*amount allowed by the referee or board, that amount may be settled as provided for in ORS 656.388(2). * * *"* (Emphasis supplied.)

Reversed.[6]

---

[6] We recognize this to be an inequitable result, because it does not appear to comport with the objectives of the Workers' Compensation Act. *See* ORS 656.012(2). It is a legislative function to remedy the inequity.