Argued and submitted June 6, affirmed August 28, 1984

In the Matter of the Compensation of
Wilma Forney, Claimant.

FORNEY,
*Petitioner on review,*

*v.*

WESTERN STATES PLYWOOD,
*Respondent on review.*

(WCB 80-07538; CA A25760; SC S30476)

686 P2d 1027

Evohl F. Malagon, of Malagon & Associates, Eugene, argued the cause and filed the petition for petitioner on review. On the brief was David C. Force, Eugene.

J. P. Graff, of Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, argued the cause for respondent on review and filed the brief.

JONES, J.

## JONES, J.

The issue in this case is whether claimant is entitled to attorney fees when she prevails in her contention that her employer erroneously unilaterally deducted overpayment of earlier compensation from her subsequent workers' compensation award.

Claimant injured her back in 1974. A determination order awarded her 20 percent for unscheduled permanent partial disability. Employer paid this award. That order was later set aside and a new order was entered in 1978 which again granted an award for 20 percent permanent partial disability. Employer paid that award. Thus, employer twice paid the same award, creating an overpayment.

In 1979, claimant filed an aggravation claim which employer denied. Claimant requested a hearing on the denial. In 1980, the referee ordered employer to accept the claim and pay benefits. Employer did not request review of the referee's order. While processing payment in accordance with the 1980 order, employer discovered the earlier double payment and reduced each payment due under the 1980 aggravation claim until the entire overpayment was recovered.

Claimant requested a hearing pursuant to ORS 656.283(1). At the hearing claimant challenged employer's right to recover the overpayment. The referee found that there had been an overpayment and employer was entitled to recover it. The Workers' Compensation Board affirmed the referee. The Court of Appeals reversed on the ground that the Workers' Compensation Department exceeded its authority in adopting a regulation which permitted recovery of overpayments without prior authorization from the Department, a referee or the Board. Employer was ordered to repay the recovered overpayment.

Claimant then petitioned for attorney fees pursuant to ORS 656.386(1). Employer filed objections to claimant's petition and the Court of Appeals denied claimant's petition. Claimant petitioned this court for review of the Court of Appeals denial of her petition for attorney fees.

Claimant contends that attorney fees should have been awarded pursuant to ORS 656.382(1) and (2) and ORS 656.386(1). ORS 656.382 provides:

"(1) If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney's fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees.

"(2) If a request for hearing, request for review or court appeal is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

Claimant argues that she was entitled to benefits and employer withheld the benefits which were due and payable under the 1980 aggravation claim and, therefore, she is entitled to attorney fees under ORS 656.382(1).

Employer makes two arguments regarding ORS 656.382. First, in recovering the overpayment which claimant conceded she had received, employer acted in accordance with regulations of the Workers' Compensation Department and therefore employer's conduct was reasonable. Second, it was claimant, not employer or insurer, who requested the hearing, board review and court appeal and ORS 656.382(2) provides for attorney fees only where employer or insurer initiates the request.

Claimant also contends that attorney fees should be awarded pursuant to ORS 656.386(1), which provides:

"In all cases involving accidental injuries where a claimant prevails in an appeal to the Court of Appeals from a board order denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee; however, in the event a dispute arises as to the amount allowed by the referee or board, that amount may be settled as provided for in ORS 656.388(2). Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

Claimant contends that this is a claim involving her right to compensation previously awarded and, therefore, she is entitled to attorney fees under ORS 656.386(1).

■ We note that the appeal in this case was not from a board order denying a claim for compensation, but from an order sustaining employer's recovery of the overpayment under the Department's regulation. Claimant's only claim was for the amount of compensation due on her aggravation claim. Where responsibility is not an issue and the only question is the amount of compensation due, ordinarily attorney fees are not authorized under ORS 656.386(1) and can only be recoverable from the award under ORS 656.382(2).

■ It is fundamental that the legislature provides rights and remedies for workers and employers. This court cannot exceed the legislative limitations even though an inequity to the employe or to the employer might result. Unless a specific statute authorizes an award of attorney fees to a claimant, this court cannot award them. *Brown v. EBI Companies,* 289 Or 905, 618 P2d 959 (1980). In examining the first statute claimant relies upon for an award of attorney fees, we note that ORS 656.382(1) provides for attorney fees if a self-insured employer refuses to pay compensation due under an order of a referee, board or court. In this case, the employer never refused to pay compensation due under an award of the referee or the board. In fact, both the referee and the board ruled that the employer was specifically authorized to recover the overpayment under an existing administrative rule.[1] This

---

[1] OAR 436-54-320 provides:

"Insurers and self-insured employers may recover overpayment of benefits paid to a worker on an accepted claim from benefits which are or may become payable on that claim. Payment of benefits paid prior to denial pursuant to ORS 656.262(5) or paid during appeal pursuant to ORS 656.313 shall not be recoverable under this section.

"(1) Overpayments may be recovered by:

"(a) reduction of continuing temporary disability benefits in an amount not to exceed 25 percent of the benefit without prior authorization from the worker or beneficiary;

"(b) withholding reimbursement of related services to the worker; or

"(c) adjustment in compensation benefits determined due pursuant to ORS 656.268, to include permanent partial disability, permanent total disability and fatal disability benefits. Recovery of overpayment from a permanent partial

rule was declared invalid by the Court of Appeals in this case, but that decision did not require the employer to pay any additional compensation declared due by the Court of Appeals. Therefore, the first portion of ORS 656.382(1) is inapplicable to this worker's claim for attorney fees.

The second portion of ORS 656.382(1) provides that the self-insured employer shall be liable for attorney fees if it otherwise unreasonably resists the payment of compensation. It would be absurd to rule that an employer has unreasonably resisted payment of compensation when the employer in good faith relied on an administrative rule and legal orders from the referee and, subsequently, the Workers' Compensation Board that the overpayment recovery was proper. Since there has been no unreasonable refusal to pay any compensation as ordered by the Court of Appeals, this second portion of ORS 656.382(1) is also inapplicable to the worker's claim for attorney fees.

Claimant's final contention for attorney fees is that attorney fees are recoverable in this case under ORS 656.386(1). This statute is also infructuous as far as claimant is concerned. It provides that in all cases where claimant prevails in an appeal to the Court of Appeals from a board order denying the claim for compensation, the court shall award a reasonable attorney fee. In this case the claimant did not prevail from any board order denying a claim for compensation. The board had awarded compensation and had approved the withholding of overpayment. The Court of Appeals simply struck down that ruling in declaring the board's administrative rule invalid.

---

disability award may result in partial or total offset against the award. Recovery from a permanent total disability or fatal award shall be made as in (a) above.

"(2) Recovery of overpayment by the insurer or self-insured employer shall be explained in written form to the worker, or to the dependent(s) of the worker if a fatality, and include:

"(a) an explanation for the reason of overpayment;

"(b) the amount of the overpayment; and

"(c) the method of recovery of the overpayment.

"(3) Overpayments may not be recovered by withholding payments to the providers of services or from reimbursable temporary disability paid during an approved vocational rehabilitation program."

Since claimant is restricted to a statutory remedy and none is available, the Court of Appeals' denial of the worker's petition for attorney fees was legally correct. If this has resulted in an inequity to the worker in this case and is likely to affect many similar claims, that inequity must be corrected by the legislature and not by this court.

We affirm.