Argued and submitted April 1, affirmed October 30, 1985, reconsideration denied
January 17, petition for review allowed February 19, 1986 (300 Or 545)
See 301 Or 12 (1986)

In the Matter of the Compensation of
Charles Wattenbarger, Claimant.

## WATTENBARGER,
*Appellant,*

*v.*

## BOISE CASCADE CORPORATION,
*Respondent.*

(135,549; CA A32736)

708 P2d 375

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Allan Muir, Portland, argued the cause for respondent. With him on the brief were Delbert J. Brenneman and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

This is an appeal of a proceeding under ORS 656.388(2) to determine attorney fees in a workers' compensation case. Claimant seeks an increase in the fee awarded and argues that the "reasonable attorney's fee" provided for by statute should reflect the risk factor involved in a contingent fee arrangement, and hence, that a multiplier should have been utilized to establish a reasonable fee in this case. We reject claimant's argument and affirm the judgment of the circuit court.

In the underlying workers' compensation aggravation claim, the referee awarded claimant permanent total disability. The employer requested Workers' Compensation Board review. The Board affirmed the referee's decision and awarded claimant $800 in attorney fees. On reconsideration, the Board refused to apply a multiplier factor, and the award of attorney fees was affirmed. Pursuant to ORS 656.388(2), claimant petitioned the circuit court to set attorney fees. The court increased the award of attorney fees to $1,200, based on an hourly rate and the time expended. On appeal claimant asserts that the court improperly failed to apply a multiplier to take into account the risk inherent in a contingent fee arrangement.

■ The statutory scheme in workers' compensation cases is exclusive. Attorney fees must be expressly authorized by statute or they are not allowable. *Uris v. Compensation Department,* 247 Or 420, 428, 427 P2d 753, 430 P2d 851 (1967). The power to award attorney fees is no broader than that provided by statute. *SAIF v. Paresi,* 62 Or App 139, 142, 660 P2d 684, *rev den* 295 Or 259 (1983). If the statutory scheme is inequitable, the inequity must be remedied by the legislature, not the courts. *Forney v. Western States Plywood,* 297 Or 628, 634, 686 P2d 1027 (1984).

■ ORS 656.382(2) provides that, if an appeal is initiated by the employer or insurer and the Board finds that the award should not be disallowed or reduced, employer or insurer must pay claimant a reasonable attorney's fee. ORS 656.388(4) delegates to the Board the power and duty to establish a suggested schedule of fees for attorneys representing workers in workers' compensation cases. The Board has established a

schedule by rule. Applicable to this case is OAR 438-47-010(2), which provides that

> "[t]he amount of a reasonable attorney fee when authorized under 47-000 to 47-095, *including cases involving extraordinary services,* shall be based on the efforts of the attorney and the results obtained, subject to any applicable maximum fee provided by 47-000 to 47-095. A referee, the Board or a court may allow a fee in excess of the maximum amount fixed by 47-000 to 47-095 *for extraordinary services* on a showing by claimant's attorney in a sworn statement the *services* performed by the attorney." (Emphasis in original.)

The rule bases the award on the efforts and services of the attorney and the results obtained. It does not authorize the award of an increased fee on the basis of the risk to the attorney, and it does not provide for a multiplier.

Affirmed.