Argued and submitted June 14, motion to strike granted; affirmed August 25, 1993

In the Matter of the Compensation of
Henry Johnsen, Claimant.

MEL-KEN MOTORS, INC.
and Safeco Insurance Companies,
*Petitioners,*

*v.*

Henry JOHNSEN,
*Respondent.*

(WCB 91-15336; CA A77133)

858 P2d 173

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, Portland.

Merrill Schneider, Portland, argued the cause for respondent. On the brief were Daniel J. DeNorch and Schneider, DeNorch & Galaviz-Stoller, Portland.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Employer seeks review of a Workers' Compensation Board order holding that the Board lacks authority to sanction an attorney for an allegedly frivolous request for a hearing. It also moves to strike portions of claimant's brief on appeal. We grant the motion to strike and affirm.

Claimant suffered a compensable knee injury. Employer filed a notice of claimant's "likely eligibility" for vocational retraining services pursuant to ORS 656.340(1). Meanwhile, employer and claimant arranged a modified work program for claimant. On the basis of their agreement, the Department of Insurance and Finance denied claimant vocational retraining benefits. Claimant's counsel requested a hearing. Employer also requested a hearing. It sought dismissal of claimant's request for a hearing and sanctions against claimant's attorney. At the time of the hearing, claimant's counsel requested a dismissal of his request for a hearing. The referee granted both parties' requests to dismiss, and rejected employer's request for sanctions and attorney fees. The Board affirmed the referee's order. Employer has moved to strike portions of claimant's brief that contain material not in the record. We grant the motion and we have not considered that material.

Employer claims that the Board has implied authority to impose sanctions and attorney fees under ORS 656.283(7), ORS 656.382(3), and ORS 656.390. We disagree. ORS 656.283(7) governs the manner in which a hearing is conducted, how evidence is submitted, the standard of review and the referee's authority to rescind determination orders or notices of closure. It does not mention penalties or sanctions.

ORS 656.382(3) specifically provides for penalties against an employer for the frivolous initiation of a hearing. There is no provision in that statute for sanctions against a claimant or his attorney. ORS 656.390 provides for penalties against either party for initiating a frivolous request for review to the Court of Appeals or the Supreme Court. It does not mention frivolous "requests for hearings."

"It is fundamental that the legislature provides rights and remedies for workers and employers. This court cannot exceed the legislative limitations even though an inequity to

the employee or the employer might result. Unless a specific statute authorizes an award of attorney fees to a claimant, this court cannot award them." *Forney v. Western States Plywood*, 297 Or 628, 632, 686 P2d 1027 (1984).

The Board properly concluded that, if the legislature had intended to give the authority to sanction a claimant or his attorney for frivolously initiating a hearing, it would have made specific provisions for a sanction.

Motion to strike granted; affirmed.