Argued and submitted April 17, 2001, reversed in part; otherwise affirmed
April 10, 2002

In the Matter of the Compensation of
Ben E. Conradson, Claimant.

EXPRESS SERVICES, INC.,
*Petitioner,*

*v.*

Ben E. CONRADSON,
*Respondent.*

99-06301; A110740

43 P3d 1164

Jerald P. Keene argued the cause and filed the brief for petitioner.

Donald E. Beer argued the cause for respondent. With him on the brief was Popick & Merkel.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Employer seeks review of an order of the Workers' Compensation Board reclassifying claimant's injury as disabling and awarding claimant attorney fees. We review for errors of law and substantial evidence. ORS 183.482(8). We affirm in part and reverse in part.

We summarize the facts from the Board's order and the record. Claimant began working for employer on January 26, 1998. Claimant's job entailed repetitive heavy lifting. On January 29, 1998, claimant injured his lower back. In August 1998, claimant was released to light work. Employer denied the claim, but, after litigation, it was ordered to accept the claim; it then issued a January 13, 1999, notice accepting a nondisabling low-back strain. On January 18, 1999, employer wrote claimant that it was closing the claim because he was medically stationary. On January 20, 1999, within one year from the date of injury, claimant filed a letter requesting that his injury be reclassified as disabling.

A determination order affirmed the nondisabling classification. Claimant requested reconsideration and Dr. Berselli was appointed as a medical arbiter. Berselli was requested to "please comment on whether there is a reasonable expectation that the worker will be entitled to an award of permanent disability under the standards developed pursuant to ORS 656.726, when he becomes medically stationary."

Berselli examined claimant in June 1999 and observed that claimant had strained his lower back at work and "[s]ince that time he has had ongoing chronic low back pain." Based on his examination, Berselli concluded:

> "It is my impression that the patient does have a chronic lumbar strain. I believe there is a definite likelihood of some permanent loss of use of the lumbar spine as a result of the injury. The anticipated loss of function is that the patient will not be able to repetitively use his lumbar spine for lifting activities."

The order on reconsideration reclassified the claim as disabling because there was a reasonable expectation of

permanent disability resulting from the injury. Employer requested a hearing before an administrative law judge (ALJ).

The ALJ affirmed, holding that "[t]here was a reasonable expectation within one year from the date of injury that claimant's injury would result in permanent disability." The ALJ also awarded claimant attorney fees under ORS 656.382(2). The Board adopted and affirmed, with supplementation, the ALJ's order regarding reclassification and attorney fees.[1]

On review, employer raises two assignments of error: (1) substantial evidence did not support the Board's finding that claimant's condition, as it existed before January 29, 1999, was disabling; and (2) the Board erred in awarding claimant attorney fees.

■    Employer first argues that substantial evidence was lacking to support the Board's reclassification of claimant's claim from nondisabling to disabling.[2] The employer argues that claimant failed to prove that such a reasonable expectation occurred within a year of the date of injury as required by ORS 656.277(1) (1997),[3] because the Board improperly relied on the letter declaring claimant medically stationary to bootstrap Berselli's report into the one-year period.[4] Claimant responds that there was substantial evidence to prove that his claim was disabling within a year of the date of injury.

■    ORS 183.482(8)(c) provides that "[s]ubstantial evidence exists to support a finding of fact when the record,

---

[1] At oral argument, employer withdrew a third assignment of error.

[2] ORS 656.005(7)(c) defines "disabling compensable injury" as "an injury which entitles the worker to compensation for disability or death. An injury is not disabling if no temporary benefits are due and payable, unless there is a *reasonable expectation that permanent disability will result from the injury.*" (Emphasis added.)

[3] ORS 656.277(1) (1997) provided:

"If within one year after the injury, the worker claims a nondisabling injury originally was or has become disabling, the insurer or self-insured employer, upon receiving notice or knowledge of such a claim, shall report the claim to the Director of the Department of Consumer and Business Services for determination pursuant to ORS 656.268."

[4] Because of our disposition of the case, we do not decide the validity or effect of the January 18, 1999, letter declaring claimant to be medically stationary.

viewed as a whole, would permit a reasonable person to make that finding." We further explained the substantial evidence standard in *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988):

> "If an agency's finding is reasonable, keeping in mind the evidence against the finding as well as the evidence supporting it, there is substantial evidence. * * * For instance, and in a context which is likely frequently to occur in workers' compensation cases, if there are doctors on both sides of a medical issue, whichever way the Board finds the facts will probably have substantial evidentiary support. We would not need to choose sides."

We hold that there was substantial evidence that a reasonable expectation of permanent injury developed within one year of the date of injury. Berselli's report stated that "*since* [the injury, claimant] has had ongoing chronic low back pain" and that "there is a definite likelihood of some permanent loss of use of the lumbar spine *as a result of the injury.*" (Emphasis added.) The Board affirmed the reclassification from nondisabling to disabling because it concluded that Berselli's report adequately addressed claimant's condition within one year of the injury and that, accordingly, there was a reasonable expectation *within one year from the date of injury* that claimant's injury would result in permanent disability. We hold that there was substantial evidence to support the Board's decision.

Without deciding the validity or effect of the January 18, 1999, letter stating that claimant was medically stationary, we reject employer's argument that the Board relied on the letter to bootstrap claimant's expectation of injury into the one-year time frame. Although the Board mentioned the letter from employer, it did not rely on it to bootstrap the doctor's diagnosis into the proper time frame. Rather, the Board relied on the doctor's diagnosis of a "chronic lumbar strain *since the injury*" and the fact that there was "no medical evidence that claimant's condition has changed since he was last released to light work in August of 1998."[5]

---

[5] The Board, in its supplementation, found that the order on reconsideration had incorrectly supported its "disabling" classification by citing OAR 436-030-0045(10)(c), which is premised on the proposition that the worker's condition is not medically stationary. The Board, instead, referred to OAR 436-030-0045(10)(b), which relies on the proposition that the worker is medically stationary within a

■     Employer's second assignment of error is that the Board erred in awarding claimant attorney fees because the reclassification did not constitute "compensation." We agree. ORS 656.382(2) provides, in part:

"If a request for hearing * * * is initiated by an employer or insurer, and the [ALJ], board or court finds that the *compensation* awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the [ALJ], board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal." (Emphasis added.)

As we explained in *Deaton v. Hunt-Elder*, 145 Or App 110, 114-15, 928 P2d 992 (1996):

"An award of attorney fees under [ORS 656.382(2)] requires (1) that an employer initiate a request for a hearing to obtain a disallowance or reduction in a claimant's award of compensation; (2) that the claimant's attorney perform legal services in defending the compensation award; and (3) that the ALJ find on the merits that the claimant's award of compensation should not be disallowed or reduced."

ORS 656.005(8) provides that compensation "includes all benefits, including medical services, provided for a compensable injury to a subject worker * * * by an insurer or self-insured employer * * *."

The question is whether the ALJ and the Board disallowed or reduced an award of compensation for purposes of ORS 656.382(2) when the disabling classification was upheld.

The ALJ awarded attorney fees, reasoning that "although reclassification of the claim to disabling does not

year of the date of injury and will be entitled to an award of permanent disability under the standards. However, none of this altered the ALJ's analysis, which did not rely on claimant's medically stationary status, instead finding that there was a reasonable expectation within one year from the date of injury that the claimant would suffer permanent disability. Claimant's medically stationary status is otherwise not at issue, therefore the Board's supplementation is irrelevant to our holding.

automatically entitle claimant to compensation, the reclassification prevents any benefits to which claimant may be entitled from being disallowed or reduced." The Board agreed.

While the reclassification from nondisabling to disabling created the *possibility* that there might be compensation when the claim was closed, no compensation was awarded by the reconsideration order, and therefore an award of compensation was not upheld. Therefore, claimant was not entitled to attorney fees under ORS 656.382(2) for services at hearing or before the Board.

Reversed as to award of attorney fees; otherwise affirmed.