Argued and submitted July 11, 2001, affirmed July 10, 2002

In the Matter of the Compensation of
Ronald D. Reynolds, Claimant.

Ronald D. REYNOLDS,
*Petitioner,*

*v.*

HYDRO TECH INC.,
and SAIF Corporation,
*Respondents.*

98-04171; A111078

49 P3d 827

Christine Jensen argued the cause for petitioner. With her on the briefs was Malagon, Moore & Jensen.

Jerome P. Larkin argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

SAIF attempted to reduce claimant's benefits for temporary disability and to obtain authorization for an offset of previously paid benefits. Claimant successfully defended against those assertions at hearing. He seeks review of an order of the Workers' Compensation Board holding that he is not entitled to an insurer-paid attorney fee under ORS 656.382(2). We agree with the board that claimant is not entitled to attorney fees for services provided at hearing and affirm.

Claimant compensably injured his back while working for Hydro Tech Inc., SAIF's insured. SAIF timely began paying benefits for temporary disability on February 13, 1998. Then, on August 18, 1998, SAIF terminated claimant's benefits based on a concern that claimant had been earning income from another source during his period of disability. Claimant requested a hearing, challenging the unilateral termination of benefits and requesting attorney fees. SAIF filed a cross-request for hearing, questioning the rate of payment of benefits and seeking authorization for an offset of benefits previously paid. The administrative law judge (ALJ) and, ultimately, the board, found that claimant's benefits had not been terminated prematurely but held that claimant had not been overpaid and denied SAIF's request for an offset.

Claimant sought insurer-paid attorney fees pursuant to ORS 656.382(2):

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

If an insurer or employer initiates a request for hearing and the ALJ determines that the *compensation awarded* should

not be disallowed or reduced, the ALJ is authorized by ORS 656.382(2) to award the claimant insurer-paid attorney fees. Claimant prevailed before the ALJ in his defense of SAIF's claim that it had overpaid him, and the ALJ awarded claimant his attorney fees. On employer's appeal, the board reversed, holding that ORS 656.382(2) authorizes an insurer-paid fee only when the claimant successfully defends compensation that has been "awarded," that an award is made only through an official determination of entitlement, such as a notice of claim closure, an administrative or judicial decision, or a stipulated settlement, and that SAIF's payment of benefits was not an award of compensation.

In ascertaining the plain meaning of the verb "award," the board referred to *Webster's Third New Int'l Dictionary*, 152 (unabridged ed 1993), and found pertinent terms that describe formalistic processes (judge; give by judicial decree; assign after careful judgment; adjudge) and less official conduct (grant; bestow). In the board's view, the context of ORS 656.382(2) shows that a "compensation award" is a more formal determination than the mere *payment* of benefits by the employer. The board reasoned that claimant was not entitled to attorney fees because, although claimant had successfully defended against SAIF's attempt to reduce his benefits, his benefits had not been paid pursuant to an "award" of compensation but merely pursuant to SAIF's claim processing obligation under ORS 656.262(4).

In claimant's view, the board has chosen an unnecessarily narrow reading of the word "award," and the term reasonably includes the conferring of benefits by other than an official determination of entitlement, such as the payment of compensation pursuant to law. Claimant contends that, because, as has been determined, he was entitled to temporary disability benefits for the period in question, the benefits that SAIF paid him were an award of compensation.

Claimant overlooks the context of ORS 656.382(2), which includes the numerous statutes in the Workers' Compensation Act that indicate that the payment and the award of compensation are distinct events. In several statutes, the payment and the award of compensation are treated together but separately named. *See, e.g.,* ORS 656.126(6) (relating to

amount of *compensation paid or awarded* by other states); ORS 656.222 (compensation for additional injuries to a worker who *has been paid or awarded* compensation for permanent disability); ORS 656.268(11) (permitting notice of closure to include adjustments in compensation paid or payable, including crediting temporary disability payments against current or future permanent or temporary disability *awards or payments* and requiring the payment of temporary disability payments that were payable but not paid).

In other circumstances, the payment of compensation is the significant event. *See, e.g.*, ORS 656.202(3) ("When compensation is paid to a claimant or other payment is made to the provider of service pursuant to this chapter, the insurer or self-insured employer shall notify the payment recipient in writing of the specific purpose of the payment."); ORS 656.209 (describing reduction for social security benefits in permanent total disability benefits *payable* to an injured worker); ORS 656.211 (determination of "average weekly wage" based on wages paid in last quarter of fiscal year preceding year in which *compensation is paid); ORS* 656.262(4)(a) (stating requirements for *payment* of temporary disability compensation); ORS 656.262(10) (mere *payment* or providing of compensation shall not be considered acceptance of a claim or an admission of liability).

In yet other circumstances, the *award* of compensation is the significant occurrence. *See, e.g.*, ORS 656.230 ("Where a worker has been *awarded* compensation for permanent partial disability, and the award has become final by operation of law or waiver of the right to appeal its adequacy, the insurer shall upon the worker's application *pay* all or any part of the remaining unpaid award to the worker in a lump sum[.]") (emphasis added); ORS 656.268(5) (requiring that notice of closure inform claimant of permanent compensation *awarded*); ORS 656.268(6)(c) (providing for attorney fees on reconsideration to be paid out of the additional compensation awarded); ORS 656.273 (providing for additional compensation for worsened conditions resulting from the original injury "[a]fter the last *award* or arrangement of compensation") (emphasis added); ORS 656.382(2) (providing for assessed attorney fees when compensation *awarded* to a claimant has not been disallowed or reduced).

■ The multiple provisions we have cited illustrate that the terms "award" and "payment" are not synonymous. When the legislature intends a distinction between the payment and award of compensation, it makes that distinction, and when the legislature intends that both acts should have like effect, it uses them together. ORS 656.382(2) refers exclusively to the "award" of compensation as the significant prerequisite to the recovery of attorney fees. Claimant's reading of the statute would require us to insert after the phrase "compensation awarded" the words "or paid," so that the statute would read:

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that the compensation awarded *or paid* to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

In interpreting the statute, we may not insert words that the legislature has omitted. ORS 174.010. We agree with the board that, because claimant's temporary compensation had not been awarded by a notice of closure, administrative or judicial determination, or other affirmative determination of entitlement, ORS 656.382(2) does not provide for insurer-paid attorney fees for services provided at the hearing level.

■ Finally, claimant asserts that, when an employer or insurer creates the need for a claimant to establish the right to compensation, it should be required to pay the claimant's attorney fees and that ORS 656.382(2) should be read to provide a reasonable fee to claimants who successfully challenge errors in claims processing. That policy view finds support in the workers' compensation laws generally, but there is no authorization for an award of attorney fees in this specific context. *See Forney v. Western States Plywood*, 297 Or 628, 632, 686 P2d 1027 (1984).

Affirmed.