Argued and submitted February 1, award of attorney fees reversed;
otherwise affirmed August 13, 2008

In the Matter of the Compensation of
Gayle M. Terrien, Claimant.

SAIF CORPORATION
and Lane County School District #69J,
*Petitioners,*

*v.*

Gayle M. TERRIEN,
*Respondent.*

Workers' Compensation Board
0508110; A134301

191 P3d 735

Jerome P. Larkin, Special Assistant Attorney General, argued the cause for petitioners. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Christopher D. Moore argued the cause for respondent. With him on the brief was Malagon, Moore & Jensen.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

SAIF seeks review of an order of the Workers' Compensation Board (board) that awarded attorney fees to claimant after claimant prevailed on SAIF's challenge to an order of the Department of Consumer and Business Services, Appellate Review Unit (ARU), that rescinded SAIF's notice of closure as premature. We reverse the award.

Claimant was compensably injured in December 2004. SAIF accepted a claim for disabling cervical, thoracolumbar, and left shoulder strains. SAIF closed the claim in August 2005. The notice of closure showed that claimant had become medically stationary on April 27, 2005, and that she had been released for work without restriction. It awarded her benefits for temporary partial and temporary total disability through April 27, 2005, but awarded no permanent disability.

On claimant's request for reconsideration, the ARU set aside the notice of closure as premature, because there was insufficient closing information. The appellate reviewer wrote:

"[T]he record does not contain closing information for the thoracolumbar strain. Because the medically stationary status was unclear at the time of the claim closure and adequate closing information was not obtained pursuant to OAR 436-030-0020(1) through (5), with respect to the thoracolumbar condition, we find this claim was prematurely closed and order the Notice of Closure dated August 31, 2005, be rescinded pursuant to OAR 436-030-0135(5). The claim remains in open status."

Although the ARU ordered that the claim remain in open status, there was no determination that the medically stationary date set forth in the notice of closure was incorrect or that claimant was entitled to further compensation.

SAIF filed a request for hearing with the hearings division from the order on reconsideration. SAIF asserted that the ARU erred in not abating the order on reconsideration to consider a medical report that SAIF claimed to have submitted. The administrative law judge (ALJ) determined that: (1) the hearings division lacks authority to compel the

ARU to abate an order on reconsideration or to consider a particular document; (2) under OAR 436-030-000(7)(1)(b), the ARU has discretion to abate, withdraw, or amend an order on reconsideration until the order is final by operation of law; (3) the medical report that SAIF asserted it had submitted was not in the reconsideration record; and (4) the ARU did not abuse its discretion in declining to abate the order on reconsideration. Upholding the ARU's rescinding of the notice of closure, the ALJ awarded claimant an insurer-paid attorney fee.

SAIF appealed the ALJ's order to the board. The board upheld the award of attorney fees to claimant, reasoning that the ARU's order on reconsideration contained an implicit award of compensation and that the ALJ's order upholding the award provided the basis for an award of attorney fees under ORS 656.382(2). That statute provides for an award of attorney fees to a claimant who successfully defends against a requested reduction or disallowance of compensation awarded to the claimant. Citing a medical report in the record on reconsideration that, as a result of her shoulder injury, "[claimant] is unable to return back to regular work," the board reasoned that "the direct result of the Order of Reconsideration's rescission of the [notice of closure] was an award of compensation in the form of temporary disability benefits."

SAIF petitions this court for review. It challenges only the award of attorney fees and does not contest the determination that the claim was prematurely closed. We review the board's order for substantial evidence and errors of law, ORS 656.298(7), and conclude that the board erred in awarding attorney fees.

In support of the board's order, claimant explains that, when the ARU determined that claimant's claim had been closed prematurely, the ARU necessarily determined that claimant was not medically stationary (as shown by a medical report in the record) and that claimant was eligible for all of the benefits, including temporary disability benefits, that are available on an open claim. Accordingly, in claimant's view, the director's determination that the claim had been prematurely closed

"represents an affirmative determination of entitlement for compensation and the immediate effect and direct result is the award of compensation in the form of temporary disability benefits[.] * * * Consequently, even if payment and the award of compensation are distinct events, the statute provides for direct entitlement to disability compensation for the injured worker and rescission of the Notice of Closure thereby results in compensation for the injured worker. Under the operation of the workers' compensation law, rescission of the Notice of Closure effectively made an additional award of compensation available immediately[.]"

In SAIF's view, the statute authorizes attorney fees only if an *award* of compensation has not been disallowed or reduced. SAIF points out that, although it is possible that as a result of the claim being returned to open status claimant might receive an additional award of benefits, the order on reconsideration does not make an explicit award of compensation.

The issue presents a question of statutory construction. In construing a statute, our task is to ascertain the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We begin our analysis with the text of the statute on which the board relied in assessing attorney fees, because it is the best evidence of the legislature's intent. *Id.* at 610. ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that *the compensation awarded* to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

(Emphasis added.) The text of ORS 656.382(2) is clear: As a prerequisite to an award of attorney fees, there must be a finding that "the compensation awarded to a claimant should

not be disallowed or reduced." *Reynolds v. Hydro Tech,* 182 Or App 488, 490-91, 49 P3d 827 (2002). We agree with SAIF that the statutory text shows a clear legislative intent to authorize attorney fees only when the compensation that has been *awarded* is not disallowed or reduced. *Id.* As we noted in *Reynolds,* an award of compensation is awarded by notice of closure, administrative or judicial determination, or other affirmative determination of entitlement to compensation. The ARU's order made no affirmative determination of entitlement to additional compensation. *See Express Services, Inc. v. Conradson,* 180 Or App 534, 540, 43 P3d 1164, *rev den,* 334 Or 631 (2002) (reclassification of claim in order on reconsideration only created the possibility that there might be compensation awarded when the claim was closed). Although, in returning the claim to open status, the ARU's order *may* give rise to an entitlement to certain benefits, here the order itself neither awards compensation nor creates an automatic entitlement to benefits. Accordingly, the board erred in awarding claimant attorney fees under ORS 656.382(2).

Award of attorney fees reversed; otherwise affirmed.