Argued September 6, affirmed September 8, 1972

GEVURTZ, *Appellant, v.* MYERS (No. 77567),
*Respondent.*

500 P2d 730

*Stephen R. Frank,* Portland, argued the cause and filed the brief for appellant.

*Peter S. Herman,* Senior Counsel, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

PER CURIAM.

Petitioner appeals from an order sustaining a demurrer to an alternative writ of mandamus and dismissing the proceedings. The alternative writ ordered the Secretary of State to allow petitioner to change the statement to be placed opposite his name as one of two nominees in the 1972 general election for a circuit judge position in Multnomah County. The proposed change would be from the statement petitioner had opposite his name on the ballot in the primary nominating election, incorporating in the new statement endorsements his candidacy had received after he had submitted his primary ballot statement. The Secretary of State refused to make the requested change, and this proceeding ensued.

ORS 252.070 (2) provides:

"* * * The ballot shall be in the same form as the primary ballot provided for in ORS 252.050 * * *."

The pertinent portion of ORS 252.050 provides:

"(1) * * * If such statement was included in his petition or declaration of candidacy, a statement, not exceeding 10 words, of his qualifications and experience shall be placed on the ballot after the name of each candidate.

"* * * * * *."

No provision of the Act either expressly authorizes or prohibits a change in the statement. Therefore, the disputed question is whether the words in ORS 252.070 (2) "in the same form as" means there can be a change in substance in "such statement," which is the term used in ORS 252.050.

■ The statutes quoted above are part of the same Act and must be construed together, giving effect to the manifest legislative intent, and meaning to each provision thereof, if possible. *Curly's Dairy v. Dept. of Agriculture,* 244 Or 15, 21, 415 P2d 740 (1966) ; *City of Portland v. Duntley,* 185 Or 365, 203 P2d 640 (1949). The ordinary meaning of the word "form," used in ORS 252.070, is one which excludes "substance." Construing "in the same form as" by itself, a change in substance appears permissible, although it is not expressly authorized. But use of the words "such statement" in the other statute (ORS 252.050) raises an ambiguity, because the words relate to the exact statement used in the declaration of candidacy, which was the statement used in the primary election ballot.

Emphasizing the words "such statement" in ORS 252.050, the Attorney General in an opinion in which this identical question was being answered for the Secretary of State in 1958 (29 Ops Atty Gen 18, No. 4138 (1958)) said that their use limits a candidate to the statement made in his petition or declaration of

candidacy. Thus, the ambiguity in the meaning of the words used in the Act in question has not first been noted in the case at bar.

We think that in view of the ambiguity which exists in the Act and the lack of specific direction therein the words "such statement" modify and limit the words "in the same form as." Reading them together, they reflect an intention to restrict a candidate to the statement he made when his candidacy commenced, and do not permit changes such as petitioner seeks here. We do not reach the question whether a change should be made or allowed in an original statement that has been rendered inaccurate by transpiring events. Such questions can be resolved when they are presented.

Affirmed.