Argued and submitted November 29, 1982, affirmed April 27, 1983

In the Matter of the Compensation of
the Beneficiaries of Robert G.
Brannon, Deceased, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner - Cross-Respondent,*

*v.*

BRANNON,
*Respondent - Cross-Petitioner.*

(77-8011; CA A24129)

662 P2d 11

Donna M. Parton, State Accident Insurance Fund Corporation, Salem, argued the cause for petitioner - cross-respondent. On the brief was Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem.

Kathryn H. Clarke, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

SAIF appeals from an order of the Workers' Compensation Board that ordered SAIF to pay benefits based on the deceased worker's status as "married" on the day of his injury, pursuant to ORS 656.206.[1] SAIF contends that, because the worker was separated from his wife on the day of his injury and was divorced several months later, he should have been compensated as a "single" worker. The worker's second wife and widow cross-appeals. She contends that the Board erred in failing to consider in its award the worker's minor child of his second marriage and in failing to award her attorney fees for representation before the Board.

■ The threshold issue is the proper rate of compensation during the worker's life.[2] He was injured in 1965. At the time of his injury, he was separated from his wife. Their divorce was finalized several months later. He then remarried. In 1970, while the worker was receiving permanent partial disability benefits, he and his second wife had a child. He was found to be permanently totally disabled in 1975. He died in 1978 as a result of complications from his 1965 injury.

SAIF contends that at the time of the injury the presumption of a dependency relationship under the workers' compensation law had ceased, and that the evidence does not establish that a dependency relationship continued thereafter; that the worker was not adjudged permanently and totally disabled until nine years after his

---

[1] In 1965, ORS 656.206 provided:

"(1) 'Permanent total disability' means the loss, including preexisting disability, of both feet or hands, or one foot and one hand, total loss of eyesight or such paralysis or other condition permanently incapacitating the workman from regularly performing any work at a gainful and suitable occupation.

"(2) When permanent total disability results from the injury, the workman shall receive monthly during the period of that disability:

"(a) If unmarried at the time of injury, $155.

"(b) If the workman has a wife or invalid husband, but no child under the age of 18 years, $185. If the husband is not an invalid, the monthly payment shall be reduced by $30."

[2] The amount of survivor death benefits is not in issue. SAIF had admitted liability for death benefits under ORS 656.208.

divorce; and that calculation of his temporary disability benefits and permanent total disability benefits based on his status as married would result in a windfall to him. SAIF argues that, considering the strong policy against allowing double recovery in workers' compensation cases together with the evidence in the case, proper calculation of the worker's benefits requires that he be considered unmarried on the date of his 1965 injury.[3]

We reject SAIF's contention and agree with the Board that SAIF erred in computing the worker's benefits on the basis of his being single. Oregon's statutory system does not require a showing of actual dependency by a spouse or minor child.

On cross-appeal, the worker's widow contends that the Board erred in ordering that benefits should not include compensation for the minor child. We find no error. The date of injury is the date on which a worker's status conclusively determines his rate of compensation. ORS 656.202(2); *see also Bradley v. SAIF,* 38 Or App 559, 590 P2d 784, *rev den* 287 Or 123 (1979).

The worker's widow also assigns as error the Board's failure to award her attorney fees for representation before the Board. Attorney fees in workers' compensation cases may be awarded only when expressly authorized by statute. *Van DerZanden v. SAIF,* 60 Or App 316, 653 P2d 558 (1982). In an insurer-initiated appeal, claimant is not entitled to attorney fees if compensation is reduced by the Board. Here, SAIF prevailed at the Board level on the issue of computation of permanent total disability benefits. Therefore, no attorney fees were authorized. ORS 656.382(2); *Korter v. EBI Companies, Inc.,* 46 Or App 43, 52, 610 P2d 312 (1980), *remanded* 51 Or App 206, 625 P2d 667 (1981).

Affirmed.

---

[3] SAIF concedes that a *literal* reading of ORS 656.206 requires that the worker be compensated on the basis of his status as married. It contends, however, that we should not read the statute literally. We conclude that the statute is unambiguous.