Argued and submitted September 26, order vacated November 9, reconsideration denied December 23, 1983, petition for review denied February 8, 1984 (296 Or 411)

In the Matter of the Compensation of
Edward L. Culwell, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Appellant,*

*v.*

CULWELL,
*Respondent.*

(16-82-07073; CA A26820)

671 P2d 759

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for appellant. With him on the brief was Donna M. Parton, Associate Appellate Counsel, Salem.

Evohl F. Malagon, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner appeals a decision of the Circuit Court of Lane County in a proceeding submitted pursuant to ORS 656.388(2)[1] to settle a dispute between claimant's counsel and the Workers' Compensation Board over an award of attorney fees. The court set aside the Board's award of attorney fees and allowed claimant's attorney a fee of $2,000 to be paid by SAIF in addition to compensation. SAIF appeals that decision, and we vacate it for lack of jurisdiction.

The Board's order on review was issued on May 28, 1982. Claimant's counsel did not file the proceeding in the circuit court until August 17, 1982. SAIF argues that, because the proceeding was not filed within 30 days as required by ORS 656.295(8), the circuit court had no jurisdiction. ORS 656.295(8) provides:

"An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.298. The order shall contain a statement explaining the rights of the parties under this subsection and ORS 656.298."

Claimant responds that ORS 656.295(8), by its terms, applies only to appeals to the Court of Appeals and that the statute authorizing circuit court review of attorney fees requires only that the matter be submitted "forthwith."

If claimant's argument were accepted, a dispute over attorney fees could be submitted to the circuit court pursuant to ORS 656.388(2) *any* time after the order on review, so long as the circuit court were to determine that it was submitted "forthwith." Here, the court held that claimant sought circuit court review "forthwith," even though he submitted it nearly three months after the order on review was filed. A circuit court could just as well decide that a petition filed within 30 days was not filed "forthwith," given that forthwith means

---

[1] ORS 656.388(2) provides:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

immediately, or that a petition filed a year after the order on review was filed "forthwith."

 Under claimant's theory, there would be no certainty as to when the right to seek review on the limited issue of attorney fees actually expires. Judicial review of a Board order awarding attorney fees in workers' compensation cases would, therefore, be governed by a rule substantially different from that which governs every other agency or court order in the state. All other systems of which we are aware have definite time limits within which appeals must be filed. We see no reason for a different rule in this case. Statutes must be construed together, giving effect to the manifest legislative intent. *Gevurtz v. Myers,* 10 Or App 491, 493, 500 P2d 730 (1972). Further, a statute should be construed, if possible, to avoid an absurd or unreasonable result. *Rogue Valley Memorial Hosp. v. Jackson Cty.,* 52 Or App 357, 365, 629 P2d 377, *rev den* 291 Or 368 (1981). The interpretation adopted by the circuit court that, because no specific appeal time is provided, the court is free to decide in each case whether the matter was submitted "forthwith" would lead to an absurd result and one that the legislature could not have intended. A much more reasonable interpretation is achieved by reading ORS 656.295(8) in conjunction with ORS 656.388(2) and holding that the 30-day time limit applies to all appeals of any kind from an order of the Board.

 We hold, therefore, that disputes over attorney fees awarded by the Board must be filed in the circuit court pursuant to ORS 656.388(2) forthwith, but in no event later than 30 days after the date of the Board's order on review. Because claimant failed to file within that period of time, the circuit court had no jurisdiction to resolve the dispute.[2]

Order vacated.

---

[2] Given our disposition of this case, we need not reach SAIF's other assignment of error that the circuit court awarded fees which are not authorized under any statute.