Argued and submitted November 19, 1984, reversed and remanded April 10, 1985

In the Matter of the Compensation of
Arliss Ingram, Claimant.

INGRAM,
*Petitioner,*

*v.*

AMFAC, INC.,
*Respondent.*

(84-3-280; CA A31666)

698 P2d 493

CJS, Workers' Compensation § 794.

Kenneth D. Peterson, Jr., Hermiston, argued the cause and filed the brief for petitioner.

Mildred J. Carmack, Portland, argued the cause for respondent. With her on the brief were Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

This case is a companion to *AMFAC, Inc. v. Ingram,* 72 Or App 168, 694 P2d 1005 (1985). Claimant appeals a circuit court order that dismissed her attorney's "Motion to Determine Claimant's Attorneys Fees." The attorney filed the motion within 30 days after the Workers' Compensation Board reversed the referee, holding that claimant's occupational disease claim was compensable and fixing her attorney fees. ORS 656.386(1); OAR 438-47-040(2). The attorney disagreed with the *amount* of fees that the Board set. At the time of the motion in the circuit court, employer had already filed a petition for review in this court in *AMFAC, Inc. v. Ingram, supra.* The circuit court ruled that it lacked jurisdiction to consider the motion. We reverse.

Initially, employer had denied this claim. Claimant requested a hearing, and the referee held her claim compensable. On employer's motion for reconsideration, the referee held the claim noncompensable. Claimant appealed to the Board and prevailed on the merits. Employer then petitioned for review, and we reversed the Board and held the claim noncompensable. *AMFAC, Inc. v. Ingram, supra.*

ORS 656.388(2) provides:

"If an attorney and the referee or board or appellate court cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

It provides a claimant a remedy to challenge the *amount* of attorney fees that the Board sets, if the attorney "forthwith" submits the matter to the presiding judge of the circuit court. We have held that "forthwith" means within 30 days of the Board's order. *SAIF v. Culwell,* 65 Or App 332, 671 P2d 759 (1983), *rev den* 296 Or 411 (1984).[1]

---

[1] We do not decide whether claimant could have appealed to this court the amount of the fees that the Board had set, *compare Button v. SAIF,* 45 Or App 295, 298, 608 P2d 206, *rev den* 289 Or 107 (1980), with *Bentley v. SAIF,* 38 Or App 473, 481, 590 P2d 746 (1979), or whether she could have raised that issue by cross-petition in *AMFAC, Inc. v. Ingram, supra.*

At the time of the motion in the circuit court, it had jurisdiction to determine the amount of the award for attorney fees. Claimant had prevailed before the Board, which had set attorney fees for services up to and including the Board level. Concededly, none of the statutes which authorize attorney fee awards in workers' compensation cases—ORS 656.382, ORS 656.386(1) and ORS 656.388(1)—allows an award to claimant if she does not finally prevail. *See Brown v. EBI Companies,* 289 Or 905, 618 P2d 959 (1980); *SAIF v. Paresi,* 62 Or App 139, 142 n 1, 660 P2d 684, *rev den* 295 Or 259 (1983). She may, however, finally prevail in *AMFAC, Inc. v. Ingram, supra,* on Supreme Court review.[2] The circuit court erred in dismissing the attorney's motion for lack of jurisdiction. It should have determined the *amount* of attorney fees for services up to the Board level.

Reversed and remanded.

---

[2] ORS 656.382(2) provides for an award of attorney fees

"[i]f a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced * * *."

In *AMFAC, Inc. v. Ingram, supra,* employer initiated the request for referee reconsideration and for Court of Appeals review. The referee and this court found that claimant is not entitled to compensation. In neither instance did the reviewing body find that "the compensation awarded to a claimant should not be disallowed or reduced."

ORS 656.386(1) provides for an award of attorney fees if a claimant "finally prevails" in a proceeding after a denial of compensation. Claimant has not "finally prevailed" in *AMFAC v. Ingram, supra,* and will not unless the Supreme Court on review reverses the decision on compensability. *See also* OAR 438-47-060.

ORS 656.388(1) provides for an award of attorney fees "[i]n cases in which a claimant finally prevails after remand from the Supreme Court, Court of Appeals or board * * *."