Argued and submitted April 18, reversed July 23, reconsideration denied September 26, petition for review denied October 21, 1986 (302 Or 158)

In the Matter of the Compensation of
N. M. Calkins, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

*v.*

## CALKINS,
*Respondent.*

(WCB 84-02109; CA A36977)

722 P2d 43

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief was Malagon & Associates, Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

SAIF petitions for review of a Workers' Compensation Board order awarding claimant, who is permanently and totally disabled, $5 per week for two of his children who are over age 18 and are attending college. The issue is whether the statute in effect at the time of the injury defined "beneficiary" to include a child over age 18 who is attending college. We reverse.

Claimant was injured in 1976 and was awarded permanent total disability. The ages of his three children are 23, 21 and 19. Two of the children are attending school; the other is self-employed. SAIF reduced claimant's award by $5 per week when each child reached age 18. The Board and the referee construed ORS 656.206(2) as it existed in 1976 to have the same meaning as it does after a 1983 amendment, which provided benefits for children in college, and increased claimant's award by $5 per week for each child attending college.

Both parties agree that the law in effect at the time of the injury controls. ORS 656.202(2). When construing a statute, if the meaning is clear and unambiguous, it must be applied as written, without resort to extrinsic aids such as legislative history. Statutes are not read in isolation, but as parts of the act as a whole. *See Davis v. Wasco IED,* 286 Or 261, 593 P2d 1152 (1979).

At the time of the injury, ORS 656.206(2) provided:

> "When permanent total disability results from the injury, the workman shall receive during the period of that disability compensation benefits equal to 66-2/3 percent of wages not to exceed 100 percent of the average weekly wage nor less than the amount of 90 percent of wages a week or the amount of $50, whichever amount is lesser. In addition, the workman shall receive $5 per week for each additional beneficiary not to exceed five."

ORS 656.005(3) defined "beneficiary" as "an injured workman, and the husband, wife, child or dependent of a workman who is entitled to receive payments under this chapter * * *." ORS 656.005(6) defined "child" to include

> "a posthumous child, a child legally adopted prior to the injury, a child toward whom the workman stands in loco parentis, an illegitmate child and a stepchild, if such stepchild

was, at the time of the injury, a member of the workman's family and substantially dependent upon him for support. An invalid dependent child is a child, for purposes of benefits, regardless of his age, so long as the child was an invalid at the time of the accident and thereafter remains an invalid substantially dependent on the workman for support. For purposes of this chapter, an invalid dependent child is considered to be a child under 18 years of age."

Although the statute did not specifically define "child" to be a person under age 18, reading the act as a whole, that is its clear and unambiguous meaning. We need not examine legislative history.

ORS 656.005(6) provided that an invalid dependent child of any age is to be considered to be a child under age 18. It clearly implied that benefits would ordinarily cease when a child other than an invalid dependent child reached age 18. If that was not the case, there would be no need for the language equating an invalid dependent child of any age with a child under age 18.[1]

Claimant is correct in pointing out that the act is remedial in nature and should be liberally construed in favor of the injured worker. However, we are not at liberty to do so by departing from its clear language. *Reynaga v. Northwest Farm Bureau,* 300 Or 255, 262, 709 P2d 1071 (1985). Workers' compensation law is purely statutory. *Nelson v. SAIF,* 43 Or App 155, 602 P2d 341, *rev den* 288 Or 173 (1979), *cert den* 446 US 980 (1980). At the time of the injury, the statute did not provide the benefit that the Board awarded.

Reversed.

---

[1] Other sections of the act illustrate that "child" meant only a person under age 18. ORS 656.005(11) defined "dependent" as certain relatives of a deceased workman, including a "child under the age of 18 years." *See* Or Laws 1975, ch 556, § 10. ORS 656.204 provided for compensation if the worker died from the injury. That statute awarded benefits for a child until age 18; however, it also specifically extended benefits, under certain circumstances, beyond age 18. From ORS 656.204 it is evident that the legislature knew how to extend benefits to children in college who are older than 18. It did so for children of deceased workers. Only in 1983 did the legislature extend these benefits to children of permanently and totally disabled workers as well. Or Laws 1983, ch 816, § 3.