Argued and submitted May 14, reversed and remanded for reconsideration
September 3, 1986

In the Matter of the Compensation of
Archie F. Kephart, Claimant.

EDWARD HINES LUMBER CO.,
*Petitioner,*

*v.*

KEPHART,
*Respondent.*

(WCB O/M 81-0173M; CA A36968)

724 P2d 837

Marshall C. Cheney, Portland, argued the cause and filed the brief for petitioner.

James L. Edmunson, Portland, argued the cause for respondent. With him on the brief was Malagon & Moore, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Employer petitions for judicial review of an order of the Workers' Compensation Board, made on the Board's own motion under ORS 656.278,[1] which awarded claimant permanent total disability. Employer makes several arguments, including that ORS 656.278 unconstitutionally delegates legislative authority to the Board. We hold that the statute is constitutional. However, we reverse, because the Board, in contravention of its own rule, did not allow employer 20 days to state its position after claimant had requested own motion relief.

Claimant injured his back in the course of employment on December 5, 1969. Employer accepted the claim, and claimant received an award for unscheduled permanent partial disability. He filed an aggravation claim in 1972 and received an increased award. In 1978, the Board exercised own motion jurisdiction and again increased the award. By another own motion order on January 4, 1985, the Board increased the award to 240 degrees. On July 24, 1985, claimant submitted additional medical reports, and on the basis of those reports the Board awarded claimant permanent total disability in its "Second own motion determination on reconsideration," on August 6, 1985.

---

[1] ORS 656.278 provides:

"(1) Except as provided in subsection (5) of this section, the power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified.

"(2) An order or award made by the board during the time within which the claimant has the right to request a hearing on aggravation under ORS 656.273 is not an order or award, as the case may be, made by the board on its own motion.

"(3) The claimant has no right to appeal any order or award made by the board on its own motion, except when the order diminishes or terminates a former award. The employer may appeal from an order which increases the award.

"(4) The insurer or self-insured employer may voluntarily reopen any claim to provide benefits or grant additional medical or hospital care to the claimant.

"(5) The provisions of this section do not authorize the board, on its own motion, to modify, change or terminate former findings or orders:

"(a) That a claimant incurred no injury or incurred a noncompensable injury; or

"(b) Approving disposition of a claim under ORS 656.289(4)."

■    We must construe a statute to be constitutional, if possible. *State v. Collis,* 243 Or 222, 231, 413 P2d 53 (1966). We reject employer's contention that ORS 656.278 is an unconstitutional delegation of legislative authority and its argument that there is no rule or standard to guide the Board in the exercise of its discretion. The language of ORS 656.278 includes limits on its application. Subsection (1) requires that the Board believe that "such action is justified." The Supreme Court, in *Holmes v. State Ind. Acc. Com.,* 227 Or 562, 575-576, 362 P2d 371, 363 P2d 563 (1961), interpreted that phrase to mean that, if challenged, the Board "must support its modification, change or termination with reason." Subsection (5) prohibits the Board from modifying findings or orders regarding compensability.

Employer overlooks the fact that the other statutes pertaining to disability awards apply equally to own motion orders. The rules and standards contained in the statutes covering awards for temporary and permanent disability are not abrogated by ORS 656.278. Its only effect is to continue the jurisdiction of the Board over a claim on a discretionary basis.

Statutes are not read in isolation, but in the light of the entire statutory scheme. *See SAIF v. Calkins,* 80 Or App 369, 722 P2d 43 (1986). The purpose of the Workers' Compensation Act is to provide prompt compensation to injured workers. In addition,

"[o]ne express purpose of [ORS 656.278] is to provide for the adjustment of compensation from time to time as the workman's disability increases or diminishes." *Buell v. S.I.A.C.,* 238 Or 492, 497, 395 P2d 442 (1964).

Own motion jurisdiction only provides the mechanism for adjustments. It is a part of the Workers' Compensation Act and with the other provisions of the act, provides rules and standards to guide the Board in the exercise of its discretion. The statute is constitutional.

■    We reverse, however, because the Board acted in contravention of its own rules. OAR 438-12-005 provides in part:

"(1)    In carrying out its continuing power and jurisdiction to modify, change or terminate orders or awards under ORS 656.278, the Board will proceed as follows:

"(a)    An application to the Board to exercise its authority under ORS 656.278 may be filed without limitation in time. A request will not be acted on by the Board while other administrative or judicial remedy is available.

"(b)    A request by a claimant or the insurer should contain a written statement of all relief sought and all reasons or grounds for such relief. Attached to the application should be appropriate medical reports, affidavits or other supporting evidence to assist the Board in determining whether or not to grant the relief applied for. A copy of the request and all supporting materials should be furnished to all parties, i.e., claimant or insurer.

"(c)    If the request is by the claimant, the insurer shall acknowledge receipt and advise the Worker's [*sic*] Compensation Board within 20 days of its position."

The Board is, of course, bound by its own rules. *Burke v. Children's Services Division,* 288 Or 533, 538, 607 P2d 141 (1980); *Fulgham v. SAIF,* 63 Or App 731, 735, 666 P2d 850 (1983).

On July 24, 1985, claimant submitted additional medical reports to the Board and requested an increased permanent disability award. That constituted a request that the Board exercise its own motion authority. The Board's rules allowed employer 20 days after receipt of a copy of the request to advise the Board of its position. The Board was not at liberty to render its decision before employer had advised it of employer's position or the 20 days had expired. It rendered its decision on August 6, 1985, only 13 days after the request and before employer had advised it of its position, thereby depriving employer of the opportunity to do so.[2]

Reversed and remanded for reconsideration.

---

[2] Because of our disposition of this case, we need not consider the other errors assigned by employer.