Argued and submitted February 5, affirmed April 20, 1988

In the Matter of the Compensation of
Archie F. Kephart, Claimant.

EDWARD HINES LUMBER CO.,
*Petitioner,*

*v.*

KEPHART,
*Respondent.*

(WCB 81-0173M; CA A43061)

752 P2d 1308

Jerald P. Keene, Portland, argued the cause for petitioner. With him on the brief was Roberts, Reinisch & Klor, Portland.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

PER CURIAM

## PER CURIAM

In this workers' compensation case, the Board, acting on its own motion under ORS 656.278, awarded claimant permanent total disability (PTD) benefits. Employer petitioned for review, and we reversed and remanded the case for reconsideration, because the Board had violated its own rule by not allowing employer 20 days to state its position after claimant had requested own motion relief. *Edward Hines Lumber Co. v. Kephart,* 81 Or App 43, 724 P2d 837 (1986). On remand, after allowing employer to respond, the Board adhered to and republished its prior order awarding claimant PTD benefits. Employer again seeks review, and we affirm.

Employer first asserts that, due to certain procedural irregularities,[1] its constitutional due process rights were violated. Our earlier remand, however, cured any possible due process problems, because employer was accorded adequate opportunity to, and in fact did, advise the Board of its position in response to claimant's request.

On *de novo* review of the record, we agree with the Board and conclude that claimant is entitled to PTD benefits.[2] ORS 656.206.

Affirmed.

---

[1] In April, 1985, the Board reaffirmed and republished an earlier order that had awarded claimant 75 percent permanent partial disability (PPD) benefits. In May, a state legislator wrote to the Board on behalf of claimant to request elaboration of the Board's reasons for not finding claimant permanently totally disabled and to urge reconsideration of the decision to award only PPD. In response, an administrative assistant to the Board reviewed the file and discussed it with the Board chairman, who explained to the assistant the reasons for the PPD award and, upon request from the assistant, detailed the type of evidence that would cause the Board to find claimant permanently totally disabled. The assistant then contacted claimant by telephone and explained the Board's reasoning and the type of evidence that would be needed for the Board to find him permanently totally disabled. The assistant also "suggested that [claimant] go back to the doctors, explain the type of report he needed and resubmit them [*sic*] to the Board with another request for increased benefits." The assistant also called the state legislator and "reiterated what [he] had told claimant." Claimant again requested own motion relief, supplemented by new medical reports, and the Board granted claimant PTD benefits 13 days later. Our first review of the case followed. *Edward Hines Lumber Co. v. Kephart, supra.* We do not approve of the conduct of the Board's administrative assistant in counseling claimant and the legislator concerning the type of evidence that would persuade the Board to decide in claimant's favor.

[2] Detailing the facts of this case would not aid the Board or the bar. *See Hoag v. Duraflake,* 37 Or App 103, 585 P2d 1149, *rev den* 284 Or 521 (1978).