Argued and submitted February 29, order awarding attorney fees vacated May 18, 1988

In the Matter of the Compensation of
the Beneficiaries of
Clinton S. McGill, Deceased.

McGILL,
*Respondent,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Appellant.*

(85-2-91; CA A44217)

754 P2d 612

Ann Kelley, Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

J. Gary McClain, Milwaukie, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In this workers' compensation case, State Accident Insurance Fund Corporation (SAIF) appeals from a circuit court order awarding attorney fees to claimant under ORS 656.388. Because the court had lost its authority to act in the matter, we vacate the order.

In November, 1981, claimant's husband committed suicide. She filed an occupational disease claim, seeking time loss and medical services benefits for her husband before his death and a claim for widow's benefits. SAIF denied both claims. Claimant requested a hearing, and the referee overruled the denials as to both claims and awarded claimant $4,000 in attorney fees. The Workers' Compensation Board affirmed the compensability of the occupational disease claim, reversed the award of widow's benefits and reduced the award of attorney fees to $2,500.

SAIF did not seek judicial review of the occupational disease claim, and that portion of the Board order became final. Claimant, however, sought judicial review of the Board's disallowance of widow's benefits and, at about the same time, requested, under ORS 656.388(2), that the circuit court determine that she was entitled to $4,000 in attorney fees.[1] In June, 1985, the circuit court fixed the fees at $3,400, 85 percent of the $4,000 requested, on the basis that her attorney had spent 85 percent of his time on the occupational disease claim, on which she had prevailed. The order made no mention of attorney fees for the claim for widow's benefits.

On September 10, 1986, we reversed the Board's decision on the claim for widow's benefits and remanded the case to the Board with instructions to accept the claim. *McGill v. SAIF*, 81 Or App 210, 724 P2d 905, *rev den* 302 Or 461 (1986). On February 9, 1987, after the Supreme Court had denied review, the Board remanded the case to SAIF for acceptance of the claim for widow's benefits. The order made no mention

---

[1] ORS 656.388(2) provides:

"If an attorney and the referee or board or appellate court cannot agree upon the amount of the [attorney] fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

of attorney fees. On April 2, 1987, claimant asked the circuit court to determine that she was entitled to an additional $600 for attorney fees under ORS 656.388(2) for prevailing on her claim for widow's benefits. SAIF moved to dismiss for lack of jurisdiction on the ground that claimant's request was not filed within 30 days after the Board order. The trial court denied that motion and awarded the requested fee to claimant. SAIF appeals.

SAIF contends that the court erred in denying its motion to dismiss, citing *SAIF v. Culwell,* 65 Or App 332, 671 P2d 759 (1983), *rev den* 296 Or 411 (1984). We agree. Under ORS 656.388(2), a dispute over attorney fees awarded by the Board must be submitted "forthwith" to the circuit court. In *Culwell,* we held that "forthwith" means within 30 days after the date when the Board issues its order. 65 Or App at 335; *see Ingram v. AMFAC, Inc.,* 73 Or App 197, 199, 698 P2d 493 (1985). Here, claimant submitted the dispute to the circuit court on April 2, 1987, more than 50 days after the Board had issued its order. Even if the date of the Board's order is controlling, claimant waited too long to take the battle to circuit court.

■     As an alternative ground for awarding the additional attorney fees, the circuit court concluded that it had "continuing jurisdiction" due to the "peculiar circumstances" of this case. We reject that conclusion. Attorney fees in workers' compensation cases may be awarded only when expressly authorized by statute. *SAIF v. Brannon,* 62 Or App 768, 771, 662 P2d 11 (1983). Here, the circuit court order cited no statute or other authority for its "continuing jurisdiction." Claimant has likewise not referred us to any authority, and we have found none.

Order awarding claimant $600 as attorney fees vacated.