Argued and submitted June 2, reversed and remanded August 30, 1989

In the Matter of the Compensation of
Manuel Garcia-Maciel, Claimant.

### AMFAC, INC.,
*Respondent,*

*v.*

### GARCIA-MACIEL et al,
*Respondents,*

*and*

### SCHWABE, WILLIAMSON & WYATT,
*Petitioners.*

(86-07831, 86-07830; CA A49398 (Control))

In the Matter of the Compensation of
Jane E. Stanley, Claimant.

### K-MART CORP.,
*Respondent,*

*v.*

### STANLEY,
*Respondent,*

*and*

### SCHWABE, WILLIAMSON & WYATT,
*Petitioners.*

(86-11196; CA A49399)

In the Matter of the Compensation of
Phillip Carpenter, Claimant.

### MONTGOMERY WARD & CO. et al,
*Respondents,*

*v.*

### CARPENTER,
*Respondent,*

*and*

### SCHWABE, WILLIAMSON & WYATT,
*Petitioners.*

(86-03489; CA A49400)

In the Matter of the Compensation of
Elmer Jacobs, Claimant.

WEYERHAEUSER COMPANY,
*Respondent,*

*v.*

JACOBS,
*Respondent,*

*and*

SCHWABE, WILLIAMSON & WYATT,
*Petitioners.*

(86-07590; CA A49401)
(Cases Consolidated)

778 P2d 967

Mildred J. Carmack, Portland, argued the cause for petitioners. On the brief were Schwabe, Williamson & Wyatt and Ridgway K. Foley, Jr., P.C., Portland.

Robert K. Udziela, Portland, waived appearance for respondents Manuel Garcia-Maciel and Phillip Carpenter.

Robert Wollheim, Portland, waived appearance for respondent Jane E. Stanley.

No appearance for respondents Amfac, Inc., Oregon Garden Products, K-Mart Corp., Montgomery Ward & Co., Aetna Casualty Co., Weyerhaeuser Company and Elmer Jacobs.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners are attorneys. They seek review of the Workers' Compensation Board's denial of their requests for approval of "client-paid" attorney fees in four Board proceedings[1] in which petitioners represented employers or self-employed insurers. *See* ORS 656.388(1). The Board based the denial on petitioners' failure to file their requests within 15 days after the last brief was filed in each of the proceedings. OAR 438-15-027(1)(d) provides:

> "A statement of services for proceedings on Board review of a referee's order shall be filed within 15 days after the filing of the last brief to the Board."

Notice of proposed rulemaking was given on November 15, 1987, and the rule was promulgated on December 18 and took effect on January 1, 1988. The last brief in each of the proceedings was filed even before the proposal, let alone the adoption, of the rule—the most recent on October 14, 1987. The Board concluded, however, that the rule should be applied retroactively, and it refused the requests. Petitioners assign error to the retroactive application of the rule.

■ The threshold question is whether we have jurisdiction.[2] Petitioners seek direct review of the Board's orders pursuant to ORS 656.298(1). ORS 656.388(2) provides:

> "If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge for the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

*See Greenslitt v. City of Lake Oswego,* 305 Or 530, 754 P2d 570 (1988).

Petitioners argue that ORS 656.388(2) does not give

---

[1] The four are consolidated on review.

[2] We raised that question *sua sponte,* and petitioners filed a memorandum in response before filing their brief. We then made a tentative decision that we had jurisdiction, subject to reexamination in this opinion.

the circuit court jurisdiction here, because, *inter alia*, these are not disputes over the *amount* of attorney fees and, therefore, the Board's order is reviewable by us under ORS 656.298(1). We agree with that conclusion. The only decision that ORS 656.388(2) assigns to the circuit court is the "amount of the fee," and the only bases for decision that the statute specifies is a "written statement of the services rendered." A circuit court proceeding is required to be summary in nature. ORS 656.388(2) was not designed for or intended to apply to proceedings such as this, which happen to involve attorney fees but which turn on legal or factual questions that go well beyond disagreement over the amount of fees to be allowed.

■      On the merits, we agree with petitioners. As applied to these cases, the Board's retroactive application of the rule would disallow attorney fees to petitioners unless they had performed the impossible—or at least purely fortuitous—act of complying with a rule that did not exist at the time compliance was putatively required. Under the circumstances, that application of the rule "is unreasonable in its prejudice to petitioners." *Gooderham v. AFSD*, 64 Or App 104, 109, 667 P2d 551 (1983).

Reversed and remanded.[3]

---

[3] Petitioners ask that we "reverse the Board's orders and award the full amount of attorney fees requested." We do not agree that the ultimate questions of the amount of attorney fees to be awarded, or their awardability, are now to be decided by us. The only issue that petitioners' assignment raises, and that we decide, is whether the 15-day rule may be applied retroactively.