Submitted on record and brief February 5, reversed and remanded for reconsideration May 23, 1990

In the Matter of the Compensation of
Adolph W. Wende, Claimant.

SCHWABE, WILLIAMSON & WYATT,
*Petitioner,*

*v.*

WORKERS' COMPENSATION BOARD,
*Respondent,*

LIBERTY NORTHWEST INSURANCE et al,
*Parties to the Proceeding Below.*

(WCB 86-16961; CA A50813)

792 P2d 461

Ridgway K. Foley, Jr. and Schwabe, Williamson & Wyatt, Portland, filed the brief for petitioner.

No appearance for respondent.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

**RIGGS, J.**

Petitioner seeks review of a Workers' Compensation Board order denying its request for attorney fees and assigns error to the Board's allegedly improper and unreasonable retroactive application of its administrative rules. We reverse.

Claimant was injured in September, 1986. Employer denied the claim and claimant requested a hearing, which was held on March 7, 1987. On April 13, the referee issued an opinion and order that upheld the denial, and declined to assess a penalty or attorney fees. On May 1, claimant appealed to the Board. On February 22, 1988, the Board affirmed the referee's order, but did not address the issue of client-paid attorney fees.

On April 22, 1988, employer's attorney filed a statement of services, seeking approval of $2,064 in fees for services rendered on Board review. On December 7, 1988, the Board denied the attorney fees request, because petitioner failed to comply with two rules.[1] First, the statement of services was not accompanied by an executed attorney retainer agreement, as required by OAR 438-15-010(1),[2] and, second, it was untimely, having been filed more than 15 days after the last brief.[3] OAR 438-15-027(1)(d).[4]

Petitioner correctly argues that the Board erred in

---

[1] The Board also noted that its February 22, 1988, order had become final by operation of law because it was not appealed, abated, stayed or republished.

[2] At the relevant time, OAR 438-15-010(1) provided:

"Attorney fees for an attorney representing a claimant, insurer or self-insured employer shall be authorized only if an executed attorney retainer agreement has been filed with the referee, Board or Court."

The words "or court" have been deleted from the current version of the rule.

[3] The last brief to the Board was filed on September 18, 1987. Notice of the proposed rulemaking was published on November 15, the rules were adopted December 18, and became effective on January 1, 1988.

[4] At the relevant time, OAR 438-15-027(1)(d) provided:

"A statement of services for proceedings on Board review of a referee's order shall be filed within 15 days after the filing of the last brief to the Board."

The rule has since been renumbered OAR 438-15-028(1)(c) and currently provides that:

"A statement of services for Board review of a referee's order shall be submitted to the Board within 15 days of the filing, or expiration of the time for filing, of the last brief."

retroactively applying the rules. We agree that retroactively applying the 15-day deadline is unreasonable. *Amfac, Inc. v. Garcia-Maciel,* 98 Or App 88, 778 P2d 967 (1989). In *Amfac,* we held that such an application is improper because it

> "would disallow attorney fees to petitioners unless they had performed the impossible—or at least purely fortuitous—act of complying with a rule that did not exist at the time compliance was putatively required. Under the circumstances, that application of the rule 'is unreasonable in its prejudice to petitioners.' " 98 Or App at 92.

The Board further ruled that petitioner failed to comply with OAR 438-15-010(1), because it did not include an executed attorney retainer agreement with its request for attorney fees. Petitioner could have complied with the retainer agreement requirement, because the fee request was not submitted until April 22, 1988, nearly four months after the rule went into effect on January 1. It is not clear from the Board's order how it would treat the fee petition in the light of our ruling in *Amfac, Inc. v. Garcia-Maciel, supra.*

Reversed and remanded for reconsideration.