Argued and submitted December 4, 1989, affirmed June 6, 1990

In the Matter of the Compensation of
Alice C. LaDelle, Claimant.

LaDELLE,
*Petitioner,*

*v.*

LIFE CARE CENTER OF OREGON et al,
*Respondents.*

(WCB 86-00676; CA A60456)

792 P2d 1237

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order that denied attorney fees for her attorney's representation before the referee. She argues that the Board's ruling is an improper retroactive application of OAR 438-15-010(5). We affirm.

Claimant appealed a denial of her aggravation claim. At the hearing, after stipulations, the referee found that her condition had worsened and granted her additional permanent partial disability. He denied her request for attorney fees paid by SAIF in addition to the compensation award and allowed her attorney a fee paid from the additional benefits awarded. Claimant appealed the attorney fee award to the Board, which held that, because she had prevailed on a denied claim, she was entitled to carrier-paid attorney fees under ORS 656.386 in addition to the fees paid from her compensation. However, the Board said:

"As previously discussed, claimant's counsel is statutorily entitled to a reasonable, carrier-paid attorney [fee] for services rendered at hearing. *See* ORS 656.386(1). Such a fee is defined as an 'assessed fee.' OAR 438-15-005(2). However, we cannot award an assessed fee unless claimant's counsel files a statement of services. *See* OAR 438-15-010(5). Because no statement of services has been received to date, an assessed fee shall not be awarded."

OAR 438-15-010(5), which went into effect on January 1, 1988, provides that attorney fees shall not be authorized unless a statement of services has been filed by counsel. The referee's order that claimant appealed was issued on June 16, 1987. The Board issued a decision on February 23, 1989, and a decision on reconsideration on March 14, 1989.

■     Claimant contends that, because the referee's opinion and order was issued before OAR 438-15-010 became effective, the Board could not apply it retroactively to deny her carrier-paid attorney fees. She points out that the statement of services is required to be submitted within 15 days after the record before the referee is closed and she could not now comply with that time limit.

Retroactive application of a rule is not always

improper.[1] In *Amfac, Inc. v. Garcia-Maciel,* 98 Or App 88, 778 P2d 967 (1989), we held that application of the time limits of *former* OAR 438-15-027 to cases already terminated would be improper, because it

> "would disallow attorney fees to petitioners unless they had performed the impossible—or at least purely fortuitous—act of complying with a rule that did not exist at the time compliance was putatively required. Under the circumstances, that application of the rule 'is unreasonable in its prejudice to petitioners.' " 98 Or App at 92.

Here, the Board did not rely on claimant's failure to comply with the time limit; it only required that she file a statement of services in order for the fee to be determined. Application of OAR 438-15-010(5) does not necessarily preclude attorney fees and, under those circumstances, its application is not prejudicial to claimant. In the light of our decision in *Amfac, Inc. v. Garcia-Maciel, supra,* the time limits cannot be applied retroactively.

■   Claimant also contends that she should have been awarded attorney fees for Board review under ORS 656.386(1), because she sought Board review and increased her award of compensation. The sole issue before the Board was whether the referee correctly rejected her claim for carrier-paid attorney fees. She contends that the Board ruled that she was entitled to carrier-paid fees and, thus, the amount awarded by the referee to be paid out of her compensation was effectively returned to her. Claimant misunderstands the Board's order. It affirmed the referee's award of fees from the increased compensation and held that she was legally entitled to a carrier-paid fee *in addition.* The latter fee was *not* awarded, because claimant had not filed the statement of services. Her compensation was not increased by the Board's action.

Affirmed.

---

[1] We accept, for the purposes of discussion, claimant's characterization that the issue is retroactivity.