Argued and submitted April 4, reversed and remanded with instructions to dismiss request for review June 13, 1990

In the Matter of the Compensation of
Donald Davis, Claimant.

Donald DAVIS,
*Respondent,*

*v.*

AETNA CASUALTY COMPANY,
*Appellant,*

*and*

SAIF CORPORATION and
Liberty Northwest,
*Respondents,*

*and*

CHLORIDE BATTERY,
*Employer.*

(A8901-00118; CA A60425)

793 P2d 334

Brad R. Scheminske, Portland, argued the cause for

appellant. With him on the briefs were Thaddeus J. Hettle and Scheminske & Lyons, Portland.

Robert K. Udziela, Portland, argued the cause for respondent Donald Davis. On the brief were Robert J. Neuberger, David A. Hytowitz and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Katherine H. Waldo, Assistant Attorney General, Salem, waived appearance for respondent SAIF Corporation.

Kay E. Kinsley, Salem, waived appearance for respondent Liberty Northwest.

Before Graber, Presiding Judge pro tempore, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

## EDMONDS, J.

Aetna appeals from a judgment awarding claimant attorney fees, entered after claimant sought review under ORS 656.388(2)[1] of a decision of the Workers' Compensation Board. Although neither party raises the issue, we reverse the judgment, because the trial court lacked jurisdiction to undertake claimant's request for review.[2] *See Lane Education Service Dist. v. Swanson,* 71 Or App 328, 334, 692 P2d 622 (1984).

During the time that claimant worked for employer, employer was insured at different times by Aetna Casualty Company, Liberty Northwest and SAIF. After claimant suffered a work-related injury, he filed an aggravation claim with Aetna and a new injury claim with SAIF and Liberty. All three insurers denied responsibility. The referee issued an order under ORS 656.307, designating Aetna as the paying agent. The referee found Aetna responsible and awarded claimant an insurer-paid attorney fee for services rendered both before and after issuance of the order. Aetna requested Board review on the questions of responsibility and attorney fees.

The Board affirmed the referee, except that it ruled that the award of attorney fees for services rendered after the issuance of the order under ORS 656.307 was error. It noted that the attorney fees provisions of ORS 656.307(5) were not in effect at the time of the hearing and reasoned that any fees awardable under ORS 656.386(2)[3] were limited to time periods

---

[1] ORS 656.388(2) provides:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge for the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

In its 1990 Special Session, the legislature amended ORS 656.388 to delete subsection (2), effective July 1, 1990. Senate Bill 1197 (1990 Special Session), §§ 30, 54, 55.

[2] We reject claimant's argument that *we* lack jurisdiction to review a trial court's determination under ORS 656.388(2). *See SAIF v. Peoples,* 59 Or App 593, 595, 651 P2d 1359 (1982).

[3] ORS 656.386 provides:

"(1) In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by

when compensability was an issue. It reduced claimant's fees accordingly. It also declined to award attorney fees under ORS 656.382(2)[4] for services rendered during Board review, because compensability was not an issue before the Board. Claimant sought review in the circuit court under ORS 656.388(2). The court reinstated the referee's award, awarded claimant attorney fees for services rendered before the Board and entered judgment accordingly.

■ We hold that the trial court was without jurisdiction to award employer-paid attorney fees for services rendered before the Board. The Board denied a request by claimant for fees under ORS 656.382(2). The legislature did not contemplate that a fee controversy arising under ORS 656.382(2) or ORS 656.307 could be litigated under ORS 656.388(2). In *Greenslitt v. City of Lake Oswego*, 305 Or 530, 754 P2d 570 (1988), the court said:

> "ORS 656.382(2) provides for attorney fees to a claimant in an employer-initiated review or appeal where compensation is not reduced or disallowed. * * * Unlike ORS 656.386(1), ORS 656.382(2) makes no reference to ORS 656.388(2).
>
> "* * * * *
>
> "[ORS 656.382(2)] does not provide for circuit court review via ORS 656.388(2)." 305 Or at 535. (Citations omitted.)

■ The trial court was also without jurisdiction to reinstate the referee's award. ORS 656.388(2) gives the circuit court authority to hear disputes concerning only the *amount*

---

the board itself, then the referee or board shall allow a reasonable attorney fee. In the event a dispute arises as to the amount allowed by the referee or board or appellate court, that amount shall be settled as provided for in ORS 656.388(2). Attorney fees provided for in this section shall be paid by the insurer or self-insured employer.

"(2) In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382."

[4] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

of fees awarded under ORS 656.386(1). It does not give the court jurisdiction to determine whether the claimant was *entitled* to fees. *See Amfac, Inc. v. Garcia-Maciel,* 98 Or App 88, 91-92, 778 P2d 967 (1989). Because the Board held that claimant was not entitled to any fees after the issuance of the ORS 656.307 order, the circuit court was without authority to hear that dispute.[5]

Reversed and remanded with instructions to dismiss the request for review.

---

[5] Although the issue is not before us, we note that claimant was not entitled to an award of any fees under ORS 656.386(1), because that statute authorizes an award of attorney fees to a claimant who finally prevails on an appeal of a decision denying compensability of claim. By the time of hearing, there was no issue of compensability; the only issue was responsibility.