Argued and submitted May 4, reversed and remanded with instructions to dismiss
request for review June 13, 1990

In the Matter of the Compensation of
Brenton R. Kusch, Claimant.

Brenton R. KUSCH,
*Respondent,*

*v.*

AETNA COMMERCIAL INSURANCE
and U-Haul/Americo,
*Appellants,*

*and*

SAIF CORPORATION and
Portland Rent-All,
*Respondents.*

(8805-02832; CA A50540)

792 P2d 1251

Bradley R. Scheminske, Portland, argued the cause for appellants. With him on the brief were Thaddeus J. Hettle and Scheminske & Lyons, Portland.

Robert K. Udziela, Portland, argued the cause for respondent Brenton R. Kusch. With him on the brief were

Donald R. Wilson and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and Portland Rent-All. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Appellants[1] appeal from a judgment in favor of claimant for attorney fees awarded by the trial court pursuant to ORS 656.388(2) after a Worker's Compensation Board referee had denied claimant's request.[2] In considering claims for attorney fees pursuant to ORS 656.388(2), the circuit court is without authority to determine *entitlement* to fees under ORS 656.307(5), ORS 656.382(2) or ORS 656.386(1). ORS 656.388(2) gives the court authority only to determine the *amount* of fees awarded by the Board or referee under ORS 656.386(1). *See Davis v. Aetna Casualty Co.,* 102 Or App 132, 793 P2d 334 (1990). Therefore, we reverse the judgment.

Reversed and remanded with instructions to dismiss the request for review.[3]

---

[1] The judgment is against Aetna Commercial Insurance only.

[2] ORS 656.388(2) provides:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge for the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

In its 1990 Special Session, the legislature amended ORS 656.388 to delete subsection (2), effective July 1, 1990. Senate Bill 1197 (1990 Special Session), §§ 30, 54, 55.

[3] A similar judgment was entered against SAIF Corporation. Although SAIF has not appealed from that judgment, in its brief it argues that "the appropriate remedy in this case is a return to the circuit court with instructions to find no attorney fees payable against either party." We are without authority to reverse a judgment from which there is no appeal.