Argued and submitted September 7, affirmed October 10, 1990

In the Matter of the Compensation of
Gabino R. Orozco, Claimant.

Gabino R. OROZCO,
*Petitioner,*

*v.*

U & I GROUP, INC.,
*Respondent.*

(WCB 85-10736; A60581)

798 P2d 727

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Janet Schroer, Portland, argued the cause for respondent. On the brief were Peter A. Ozanne and Schwabe, Williamson & Wyatt, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks review of a Workers' Compensation Board order, dated March 23, 1989, that denied attorney fees for lack of jurisdiction under ORS 656.295(8).[1] Claimant argues that the Board had "ministerial jurisdiction" to award attorney fees. We affirm.

In December, 1986, a referee issued an order that upheld the denial of claimant's chiropractic treatment; it was affirmed by the Board. On review, we remanded to the Board for reconsideration. *Orozco v. U & I Group, Inc.,* 92 Or App 585, 758 P2d 894 (1988). In the order on remand dated February 3, 1989, the Board reversed the referee's order and set aside the denial. It said, "Inasmuch as we have not received a statement of services from claimant's attorney, we cannot award an assessed fee." Although the Board received a statement of services on February 22, 1989, the Board did not consider it until after the 30-day period in which to seek review of the February 3 order had expired. On March 23, 1989, the Board denied claimant's request for attorney fees, holding that it had no jurisdiction, because the February 3 order had become final.

■ Claimant argues that the Board does not need to assume jurisdiction over a case in order to perform the "post-adjudicative, ministerial function" of reviewing a statement of services and contends that this case is controlled by our opinion in *Schwabe, Williamson & Wyatt v. Workers' Comp. Board,* 101 Or App 645, 792 P2d 461 (1990). Employer argues that, because claimant failed to file a petition for review before the 30-day period expired after the February 3, 1989 order, the Board is correct.

■ The February 3 order, which dealt with the merits

[1] ORS 656.295(8) provides:

"An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.298. The order shall contain a statement explaining the rights of the parties under this subsection and ORS 656.298."

and the issue of attorney fees, is a final order.[2] Claimant did not petition for review within the time allowed by ORS 656.295(8). Attorney fees in workers' compensation cases may be awarded only when expressly authorized by statute. *Farmers Ins. Group v. SAIF,* 301 Or 612, 619, 724 P2d 799 (1986); *McGill v. SAIF,* 91 Or App 228, 231, 754 P2d 612 (1988). Once the Board had ruled and claimant had not sought timely review, the effect of ORS 656.298(8) was to deprive the Board of jurisdiction to consider claimant's request, even though it was timely filed.

We disagree with claimant's argument that *Schwabe, Williamson & Wyatt v. Workers' Comp. Board, supra,* controls. In that case, the Board issued an order in February, 1988, addressing the merits of the case, but not the issue of attorney fees. Two months later, the insurer's counsel sought authorization for attorney fees. Unlike here, when the Board denied the request for attorney fees in that case, the petitioner sought review of the attorney fees decision within 30 days after the Board first addressed the issue. The "continuing jurisdiction" situation in *Schwabe* does not apply to this case, because the February 3 order addressed claimant's entitlement to attorney fees as well as the merits of the case. When claimant failed within 30 days to move for a stay, request an abatement or otherwise preserve his right to seek review of the February 3 order, the order became final.

Affirmed.[3]

---

[2] The February 3 order contained the standard notice:

"NOTICE TO ALL PARTIES: This order is final unless, within 30 days after the date of mailing of copies of this order to the parties, one of the parties appeals to the Court of Appeals at the Supreme Court Building, Salem, Oregon 97310 for judicial review as provided by ORS 656.298."

[3] Claimant's other arguments do not merit discussion.