In the Matter of the Compensation of
Rickey J. Jackson, Claimant.

Rickey J. JACKSON,
*Petitioner,*

*v.*

BOGART CONSTRUCTION
and SAIF Corporation,
*Respondents.*

(WCB 88-16192; CA A65360)

821 P2d 420

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Christopher D. Moore and Malagon, Moore & Johnson, Eugene.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board denying him benefits for his wife and youngest son. We affirm.

Claimant was injured in an industrial accident on October 18, 1977, when he was unmarried and had two children. He married in December, 1978, and had a third child in March, 1979. On June 13, 1987, a determination order awarded him benefits for permanent total disability. ORS 656.206(2)(b) provides that, in determing the rate of permanent total disability, the claimant shall receive wage based benefits and "[i]n addition * * * $5 per week for each additional beneficiary not to exceed five." The referee ruled that his benefits should be calculated by taking into account his wife and all three children. The Board reversed, granting benefits only on the basis of the two children who were alive at the time of claimant's injury.

■ ■   Both parties agree that "[t]he date of injury is the date on which a worker's status conclusively determines his rate of compensation." *SAIF v. Brannon,* 62 Or App 768, 771, 662 P2d 11 (1983); *see also SAIF v. Calkins,* 80 Or App 369, 722 P2d 43, *rev den* 302 Or 158 (1986); ORS 656.202(2).[1] Claimant argues that only the rate of compensation, *not* the number of members of a claimant's family is determined as of the date of injury. *This* is a case about the *rate* of compensation, *not* the eligibility of beneficiaries. It is the injured worker who receives the benefits, not his family, although the calculation of the rate depends on the number of dependents that the claimant has at the time the injury occurred.

The precedents are mixed. In *State v. State Industrial Acc. Com.,* 115 Or 484, 487, 237 P 680 (1925), the Supreme Court held that "[t]he dependents of the injured workman must be determined as of the date of the injury." In *Rosell v. State Ind. Acc. Com.,* 164 Or 173, 185, 95 P2d 726 (1940), on the other hand, the court allowed a widow who had

---

[1] ORS 656.202(2) provides:

"Except as otherwise provided by law, payment of benefits for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred."

married her husband after his compensable injury to recover death benefits. In *SAIF v. Brannon, supra,* we held that a child born after his father's occupational accident was not entitled to death benefits when his father later died from his injury.

The workers' compensation statutory scheme suggests the results in *State v. State Industrial Acc. Com., supra,* and *SAIF v. Brannon, supra.* ORS 656.005(2) defines "beneficiary" as "an injured worker, and the husband, wife, child or dependent of a worker, who is entitled to receive payments under this chapter." ORS 656.005(5) states that "child" includes

> "a posthumous child, a child *legally adopted prior to the injury,* a child toward whom the worker stands in loco parentis, an illegitimate child and a stepchild, if such stepchild was, *at the time of the injury,* a member of the worker's family and substantially dependent upon the worker for support." (Emphasis supplied.)

The latter statute strongly suggests that, in order for a child to be counted in determining the rate of compensation, the child must have been a member of the worker's family at the time of injury. Under Oregon law, adopted children are treated the same as biological children. *See* ORS 109.041; ORS 112.175. It would be illogical for biological children born after a parent's injury to be part of the calculation of benefits while children adopted after an injury or stepchildren would not. Claimant's youngest child was not a member of his family at the time of his injury and therefore cannot be considered a dependent in the rate calculation.

The same reasoning applies to claimant's wife. *Rosell v. State Ind. Acc. Com, supra,* is not apposite. That case involved death benefits, and the court distinguished the status of a widow from other beneficiaries. We hold that, at least for calculation of permanent total disability benefits, claimant and his spouse had to be married at time of the injury in order for the calculation to include the spouse.

Affirmed.